## OLD FOLKS AND ORPHAN CHILDRENS HOME *v.* ROBERTS.

[No. 12,154.    Filed October 28, 1925.]

1. EXCEPTIONS, BILL OF.—*Bill of exceptions tendered after close of term not in record unless time granted when motion for a new trial overruled.*—A bill of exceptions containing the evidence is not in the record where not tendered to the court within the term at which the motion for a new trial was overruled and time for tendering the bill was not granted at the time the motion was overruled. p. 547.

2. CHARITIES.—*The statute concerning the protection of laborers, §9417 Burns 1926, §8029 Burns 1914, not applicable to inmates of orphans' home.*—Section 9417 Burns 1926, §8029 Burns 1914, Acts 1899 p. 231, §9, being enacted for the purpose of protecting the safety and health of *laborers* is not applicable to persons who are inmates of an orphans' home maintained by a charitable institution. p. 549.

3. CHARITIES.—*Charitable institution maintaining orphans' home not required to comply with regulations of "factory law."*—A charitable institution conducting an orphans' home does not owe a duty to the inmates of such home to comply with the regulations of the statute for the protection of *laborers*, §9411 *et seq.* Burns 1926, §8023 Burns 1914, Acts 1899 p. 231. p. 549.

4. CHARITIES.—*Charitable institution not liable to inmates for negligence of servants, but should exercise reasonable care in selection of employees.*—A charitable institution conducting an orphans' home is not liable to inmates of the home for the negligence of its servants, but is only required to exercise reasonable care in the selection of its employees and to displace such as are found to be incompetent, or that, by the exercise of reasonable care, could have been found to be incompetent. p. 549.

5. PLEADING.—*Objections to pleading not specified in memorandum with demurrer are waived.*—Objections to a pleading not specified in memorandum with demurrer are deemed to have

been waived, and the demurrant cannot complain that his demurrer should have been sustained because of said objections. p. 550.

6. TRIAL.—*Instruction as to proof of one of the acts of negligence charged held erroneous.*—In an action for personal injuries charged to have resulted from the negligence of the defendant in three different matters, it was error to instruct the jury that if the plaintiff proved any one of such acts of negligence and that such negligence was the proximate cause of this injury, he was entitled to recover, even though he had not proved the other act or acts charged, when two of said acts did not constitute negligence. p. 550.

From Howard Circuit Court; *John Marshall,* Judge.

Action by William F. Roberts against the Old Folks and Orphan Childrens Home. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*York & Rees* and *Overson & Manning,* for appellant.
*Arthur D. Saylor, Wolf & Barnes, C. W. Roll* and *George B. Shenk,* for appellee.

ENLOE, J.—This was an action by the appellee to recover damages on account of a personal injury sustained by him while an inmate of appellant home, which said injury was alleged to have been caused by the negligence of the appellant.

The cause was tried upon an amended complaint, in one paragraph, to which the appellant had unsuccessfully demurred, and resulted in a verdict for the appellee. The errors assigned and presented upon this appeal are: (a) The overruling of said demurrer; and (b) the overruling of the motion for a new trial.

The appellee has first raised the question that the bill of exceptions containing the evidence is not in the record. This contention must be sustained. The said bill was not tendered to the judge during the term at which the motion for a new trial was overruled, nor was time *then* asked and given within

which to file such bill. See *Tozer, Admr.,* v. *Hobbs'
Estate* (1923), 79 Ind. App. 258, 137 N. E. 715.

It appears from the record that the appellant is a private charitable corporation, duly organized under the laws of this state. The object of said corporation, as stated in its articles of incorporation is: "To better provide for and take care of poor and infirm members of said Church and Orphan Children of the same, as may be duly admitted to the benefits of said home; to train up and properly educate said orphan children and to prepare them for the proper and correct discharge of the duties of life."

It further appears from the record that the appellant was duly placed in said home as an inmate thereof by the order of the circuit court of Huntington county when he was about fourteen years of age; and that he had been an inmate of said home about six months at the time he received the injury complained of, the said injuries being caused by the clothing of the appellee catching in a fly-wheel which was unguarded. The negligence charged in the complaint was: (a) Failure to have a guard about said fly-wheel; (b) negligence in ordering and directing appellee, on account of his age and inexperience, to operate a certain switchboard, whereby he was brought into close proximity with said fly-wheel; and (c) negligence of appellant in employing a certain named person as business manager of said home, in the employing of another named person as matron of said home, and in the employing of another named person as caretaker of boys in said home, and in retaining each of said servants in its employ after the incompetence of each was or should have been known.

There was no motion to separate the several alleged causes of action, and if said complaint states a cause of action as to either of said alleged acts of negligence, ref-

erence being had to the memorandum of deficiencies filed with said demurrer, there was no error in overruling said demurrer. As to the said first charge of negligence, the complaint proceeds upon the theory, and it was so stated by counsel upon oral argument, that it was the positive duty of appellant, and which duty it owed to the appellee, to place a guard about said fly-wheel; that this duty was imposed upon it by statute (§9417 Burns 1926, §8029 Burns 1914); that this duty was non-delegable; that, as to this duty, the appellant owed to the appellee the same duty which a master owes to his servant. With this contention, we cannot agree. The appellant was an eleemosynary corporation; it was assisting the state in carrying on a part of its work, assisting in the performance of a governmental duty, a matter in which the people are directly interested, and such corporations have, therefore, always been favorites of the law. The appellee was not a *servant* of the appellant, nor was the appellant engaged in any business for gain. The statute upon which appellee relied, as to the above specified charge of negligence, was, as expressed in its title: "An Act concerning labor, and providing means for protecting the liberty, safety and health of *laborers.*" (Our italics.) As the appellee was not within the protection of this statute, the question then arises—What duty, if any, did the appellant owe to him, he being, at the time an inmate, a recipient of its bounty? No case has been cited, and, after diligent search, we can find none where it has been held that the hospital, or home, as in this case, owed to the inmate any duty other than that of exercising reasonable care in the selecting of its servants, having in mind the duties such servants were to perform, and the duty to displace them if the incompetence of such servant was discovered, or might, by the exercise of reasonable care, have been discovered, after

such servant had been employed.    *Taylor* v. *Hospital.* (1922), 104 Ohio 61, 135 N. E. 287, 23 A. L. R. 900; *St. Vincents Hospital* v. *Stine* (1924), 195 Ind. 350, 144 N. E. 537; 5 R. C. L. p. 374, and cases cited.    It there-fore follows that, as to the said first and second speci-fications of negligence, neither of them furnished a basis for a cause of action.

As to the said third specification, a different question is presented.    Here, negligence is charged in the select-ing of three specifically named servants of ap-pellant, and also in retaining said servants in its employ after their incompetence was, or should have been, known to appellant.    This charge is assailed by appellant as being insufficient for the reason that the allegations of the complaint fail to show any causal connection between such employment and retention of such servants and the injury which appellant sustained. This objection would have been well taken had the ap-pellant specified the same in its memorandum filed with its demurrer, but this question was not presented by said memorandum, and must, therefore, under our stat-ute, be deemed as having been waived.    There was no error in overruling said demurrer.

It is next urged that the court erred in overruling the motion for a new trial.

Among the reasons specified in said motion for a new trial was the alleged error of the court in giving each of the instructions requested by the appellee and numbered respectively 1 and 2.    In instruction No. 1, the court, among other things, charged the jury as follows:    "Plaintiff's complaint alleges that the defendant was negligent in this, First, in failing to fur-nish proper guards for said fly wheel of the gasoline engine.    Second, In ordering this plaintiff to operate said machinery without the fly-wheel of said gasoline engine being guarded.    Third, That said defendant in-

stitution was negligent ·in employing certain servants and employees to manage and conduct said institution who were incapable and incompetent to manage and care for the children committed to its care, and were further negligent in keeping said employees in their employ after they knew that said employees were incapable and incompetent or should have known by the exercise of ordinary and reasonable care that said employees were incapable and incompetent to manage the affairs of said institution." In the second instruction given by the court at the request of the appellee, the jury was told that it was not necessary that the appellee prove each charge of negligence alleged in the complaint, but that if he had proven any one of such acts of negligence, and that such act of negligence was the proximate cause of his injury, he was entitled to a verdict at their hands, even though he had not proved the other act or acts of negligence charged. This was error. There could be no recovery in this case upon proof of either' or both of the said first or second specifications of alleged negligence, as neither furnished a basis for a cause of action, and the giving of this instruction was, therefore, reversible error.

The cause is reversed, with directions to sustain the motion for a new trial, and with leave to the parties to reform the issues should they so desire.