OLD FOLKS' AND ORPHAN CHILDREN'S HOME OF CHURCH OF THE BRETHREN OF MIDDLE DISTRICT OF INDIANA *v.* ROBERTS.

[No. 13,565. Filed April 9, 1930. Rehearing denied June 25, 1930.]

534

*York & Rees* and *Thomas M. Ryan,* for appellant.

*Arthur D. Sayler, Wolfe & Barnes, C. W. Roll* and *George B. Shenk,* for appellee.

McMAHAN, J.—This is the second appeal in this case. See same title, 83 Ind. App. 546, 149 N. E. 188, where a former judgment in favor of appellee was reversed. The complaint was amended, the venue changed to Clinton County, where the cause was tried by jury and resulted in a verdict and judgment for appellee, hence this appeal.

The error assigned is the overruling of appellant's motion for a new trial.

Appellant is a private charitable corporation, organized under the laws of this state, its object being to provide and take care of poor and infirm members of the Church of the Brethren, and to care for orphan children. Appellee was placed in said home when he was about 14 years old, and, about six months later, he received the injury of which complaint is made.

The complaint charges that appellant was negligent in failing to exercise reasonable care in selecting certain of its officers and employees; that it negligently retained said officers and employees after it knew, or in the exercise of reasonable care should have known, they were careless and incompetent. Those alleged to be incompetent were Frank Fisher, general manager, Frank Edwards, superintendent, Dora Mitchell, matron, and Lona Swihart, caretaker of boys.

At the time when appellee received the injury which is the foundation of this action, he was an inmate and beneficiary of appellant, he having been committed to that institution as a dependent and neglected child, by the Huntington Circuit Court. It was held on the former appeal that the only duty appellant owed those committed to its care was to exercise reasonable care in the selection of its servants, having in mind the duties such servants were to perform, and the duty to displace them if the incompetence of such servants was discovered or by the exercise of reasonable care might have been discovered after such servants had been employed.

Appellant's first contention is that the verdict is not sustained by sufficient evidence, in that it fails to show appellant was negligent in employing or in retaining the servants in question.

Along with other buildings, appellant had an engine room, eight feet by 10 feet in size, along the side of and

connected with the washhouse. An eight horse-power gasoline engine with a fly-wheel on each side, and an electric dynamo, were in the engine room. This engine was used for pumping water, for running the washing machine in the washhouse, and for other purposes. About a month or six weeks before appellee was injured, the boy who had theretofore been operating the engine quit, and, according to the testimony of appellee, Dora Mitchell told him he would have to look after the engine, and that on Mondays he would have to look after the washhouse. On Monday, which was wash day, appellee would get up between 4 and 4:30 in the morning and oil the engine, fill the boiler, and build a fire under the boiler preparatory to washing. Other boys about the same age worked around the engine. The trustees of the orphanage were around the institution once a month or oftener, and would go around the farm and the buildings with the manager. The manager, Frank Fisher, was around the washhouse and engine room one or two times a week. The trustees knew the boys worked with and started the engine Fisher had appellee start the engine in the presence of the trustees. Fisher told other boys to start the engine. The superintendent was present at times when these instructions were given the boys. The matron instructed the children, including appellee, and told them to obey the caretaker, the hired man, the business manager, the superintendent and herself. It is not necessary to detail the manner in which appellee was injured or the extent of his injury. It is sufficient to say that, in accordance with the instructions given him by Dora Mitchell, appellee went to the engine room early one Monday morning and started the engine, and a few minutes later, while he was in the engine room, his clothing was caught by some part of the engine, one of his arms was torn off at the shoulder, a leg broken, and he was otherwise injured. There is also evidence that the

business manager as well as Dora Mitchell told appellee to start the engine.

Marion Miller and Ira Fisher, each of whom was a trustee when appellee was injured, testified that they never saw any of the boys start the engine and did not know that any of them started it. Dora Mitchell said she never told appellee to start the engine; she knew the boys were starting the engine; knew they were doing that when she went to the orphanage in August. Appellee was hurt in November. Lona Swihart was caretaker of the boys at the time appellee was hurt. She testified that she never saw appellee start the engine, but he had told her he was to take care of the engine.

Frank Fisher, the superintendent, testified that he knew the boys were starting the engine and that they had started it in his presence. He told the boys what to do, and instructed them to obey the orders and directions of the officers.

Appellant was managed by a board of five trustees. Only two of the five who were members of the board at the time appellee was injured testified, and no reason is given for the failure of the other three to testify.

Appellant makes no claim that the evidence does not show negligence on the part of its employees, which resulted in the injury to appellee. Its contention is that the evidence fails to prove that the employees were incompetent to perform their duties. There is some evidence that certain of the employees of appellant, who were named in the complaint, directed young boys, including appellee, to start the gasoline engine and to work about the same. There is evidence that the manager of the institution gave such direction in the presence of some of the trustees, and that the trustees saw young boys start the engine. The jury may and doubtless did conclude that a manager who allowed and permitted appellee and other young boys to do that

kind of work was not competent, having in mind the duties such manager had to perform in looking after and taking care of the children committed to that institution. The evidence is sufficient to warrant a finding that the trustees knew of the incompetence of the manager, and that they were negligent in retaining him after they knew of his incompetence. It is unfortunate that a charitable institution like appellant should be mulcted in damages, but the trustees of such institutions should realize that they must at least exercise reasonable care in selecting and retaining those whom they trust to care for the children placed in their custody. They must not retain an employee with knowledge that such employee is habitually negligent. The evidence is sufficient to sustain the verdict.

The third paragraph of answer filed by appellant alleged generally that appellant was a charitable institution acting as an agency of government and performing a governmental duty of the state at the time appellee was injured, and that appellant was not, for that reason, liable to appellee for his injuries. The court, in its first instruction, told the jury that there was no evidence to sustain the above answer and that the same presented no issue for the consideration of the jury. In support of the contention that the court erred in giving this instruction, appellant cites and relies upon *Corbett* v. *St. Vincent's Industrial School* (1903), 177 N. Y. 16, 68 N. E. 997. That was an action by an inmate of the school on account of personal injuries sustained as the result of the negligence of the managers of the institution in failing to warn the plaintiff of the dangers to be incurred in operating a machine at which he was set to work. The court, in that case, as did this court in the former appeal in the instant case, held that a charitable institution conducting an orphans' home was not liable to inmates of the home for the negligence of its servants.

The liability of such an institution in employing or in retaining incompetent servants was not involved in the New York case, and was not referred to by the court other than to call attention to the fact that there was no proof that any of the agents of the defendant was incompetent or that the managers were negligent in selecting or in retaining its employees. The court did not err in giving this instruction. See *St. Vincent's Hospital* v. *Stine* (1924), 195 Ind. 350, 144 N. E. 537; *Taylor* v. *Flower, etc., Hospital* (1922), 104 Ohio St. 61, 135 N. E. 287, 23 A. L. R. 900.

Appellant next complains of instruction 4, in which the jury was instructed that the plaintiff must recover, if at all, upon the cause of action stated in the complaint, and that he could not recover upon any different cause of action; that the "commission of one of the alleged acts of negligence on the part of the defendant will authorize a recovery, without the proof of any other act of negligence charged, if such negligence proved was such as could be the basis of an action as elsewhere defined in these instructions, and was the proximate cause of an injury to plaintiff without fault on his part, but plaintiff must recover, if at all, only on one or more of the specific acts of actionable negligence charged in the complaint, and if you find from the evidence that plaintiff's injury, if any, was due solely to a cause other than an act of actionable negligence as specifically charged in the complaint, then plaintiff cannot recover." Appellant insists this instruction is subject to the same infirmities as instruction 2, given on the former trial, and which was condemned on the former appeal. The court in instruction 13 specifically instructed the jury that a charitable institution could not be liable by reason of the negligence of its employees or any of them, and that the liability of such an institution for an injury to an inmate could only be based on the negligence of such

institution in the employment or retention of incompetent employees proximately contributing to cause such injury, and that, if the jury found from the evidence that, while plaintiff was an inmate of the institution, he received an injury which was caused by failure to guard the fly wheel of the engine, or by negligence in the erection or maintenance of the engine or other equipment, or by negligence of defendant's employees in ordering or permitting plaintiff to start the engine in question, or by any other act of negligence on the part of defendant's employees, that still defendant was not liable unless plaintiff's injury, if any, was proximately caused by the negligence of the defendant in employing or in retaining incompetent servants with knowledge of such incompetency or under such circumstances that defendant, in the exercise of ordinary care, should have known of such incompetence, and without negligence on the part of the plaintiff proximately contributing to cause his injury. In instruction 14, the jury was told that appellant could act only through its board of trustees in the employment of its servants, and that "actionable negligence in this case, if any you find, must be the result of the act or acts of the Board of Trustees in the employment or retention of those in the employ of the defendant and if no such negligence has been proven your verdict should be for the defendant." The court did not err in the giving of instruction 4.

Instruction 1, tendered by appellant and refused, if given would have directed a verdict for appellant. Appellant's requested instruction 19 was covered by instruction 13, which the court gave. There was no error in refusing to give instruction 1 or 19.

The court refused to allow appellant to prove that the State Board of Charities made repeated inspections of the engine and washroom in 1913, and never made any objections or recommendations as

to any change prior to appellee's injury. In support of the contention that the court erred in excluding this evidence, appellant says it was and is a charitable institution acting as an agency of the state in caring for appellee; that it is a quasi-public eleemosynary institution and not liable for the torts of its servants, and also that such evidence was competent and proper to show that it was not negligent in employing or in retaining incompetent servants. We do not concur in these contentions. The evidence was properly excluded.

Judgment affirmed.

Nichols, J., not participating.