RICHARDSON *v.* ST. MARY'S HOSPITAL, INC.

[No. 19,464. Filed June 24, 1963.]

*James D. Lopp, Lopp & Stephens, Theodore Lockyear, Jr.,* and *Lockyear & Lockyear,* all of Evansville, for appellant.

*Herman L. McCray, Gaylon L. Clark, Ruth E. Maier* and *William E. Statham,* all of Evansville, for appellee.

MOTE, C. J.—This appeal results from an action commenced by Myrtle Richardson, appellant, for damages in the sum of twenty-five thousand ($25,000.00) dollars to compensate for injuries she incurred while a patient at St. Mary's Hospital, Inc., which is incorporated as a not for profit corporation under the laws of Indiana, appellee herein. The pleadings, as amended, allege the following situation: Appellant, after agreeing to pay for anticipated services, entered appellee hospital as a patient. While a patient, appellant was injured when a marble partition fell on her. It appears that the partition, which weighed approximately two hundred and fifty (250) pounds, was attached by metal brackets to the wall and floor of the bathroom appellant was using. The brackets became dislodged and the partition fell upon appellant, thereby injuring her. Appellant then instituted this action by a complaint alleging negligence on the part of appellee in maintaining the said bathroom. Appellee answered in two paragraphs. The first denied all allegations of the complaint, and the second set forth the doctrine of charitable immunity as a defense. Appellant demurred to the second paragraph of the answer. The court overruled the demurrer and appellant filed an amended reply alleging that appellee is estopped from asserting the defense. Appellee demurred to the reply and the court sustained the demurrer. Appellant refused to plead further, and judgment was entered against her, from which she has instituted this appeal, alleging error in overruling the appellant's de-

murrer and error in sustaining appellee's demurrer to each paragraph of the reply.

We are thus led to discuss the immunity of charitable institutions from tort actions in Indiana. The status of appellee as a charitable institution is not contested.

There are several views, in the various jurisdictions, as to the application of the charitable immunity doctrine to tort actions against charitable institutions. One line of authority, such as that in Massachusetts, grants complete immunity to such an institution. *Mary Ann Manstrangelo, Administratrix* v. *Maverick Dispensary* (1953), 330 Mass. 708, 115 N. E. 2d 455, and cases cited therein. A second line of authority, exemplified by Minnesota decisions, allows no immunity. *Peggy J. Miller, Respondent* v. *Macalester College, Appellant* (1962), — Minn. — , 115 N. W. 2d 666. The third view allows a qualified immunity, but the jurisdictions vary as to the extent of the qualified immunity. *Avellone, Appellant* v. *St. John's Hospital, Appellee* (1956), 165 Ohio St. 467, 60 Ohio Op. 121, 135 N. E. 2d 410.

Indiana follows the qualified immunity doctrine. The doctrine was first decided in Indiana in the case of *Winona Technical Institute at Indianapolis* v. *Stolte, by Next Friend* (1909), 173 Ind. 39, 89 N. E. 393. In that case the Winona Technical Institute was held liable for injury to Stolte, which he sustained while repairing a boiler. Stolte was not a recipient of any charitable services from the institute, but was held to be an invitee. The court said, in reference to the charitable immunity doctrine being asserted, as a bar to the action:

"... Having invited appellee upon its premises to make the repairs, it, in its corporate capacity,

owed him the duty, while he was so engaged, to exercise reasonable care not to injure him. . . . "

The next question concerning the doctrine involved a paying patient who was injured through negligence of a charitable hospital's employee. The court, in *St. Vincent's Hospital* v. *Stine* (1924), 195 Ind. 350, 144 N. E. 537, said:

"(A) charitable institution or corporation is not liable to a beneficiary for an injury caused by the negligence of its employees, if it has used due care in selecting such employees, but that this exemption from liability does not extend to outsiders or third persons . . . "

"The fact that the injured person was a pay patient is universally held not to render the institution liable."

The doctrine of charitable immunity was again asserted as a defense to a tort action against a charitable institution in *Old Folks and Orphan Childrens Home* v. *Roberts* (1925), 83 Ind. App. 546, 149 N. E. 188, a case similar to the instant one. In that case an inmate was injured while working at the institution. To the proposition that the institution was negligent by not having proper safety equipment, the lack of which caused an injury to the inmate of the home, the court said:

" . . . No case has been cited, and, after diligent search, we can find none where it has been held that the hospital, or home, as in this case, owed to the inmate any duty other than that of exercising reasonable care in the selecting of its servants, having in mind the duties such servants were to perform, and the duty to displace them if the incompetence of such servant was discovered, or might, by the exercise of reasonable care, have been discovered, after such servant had been employed. . . . "

The case was appealed a second time, see *Old Folks and Orphan Childrens Home* v. *Roberts* (1930), 91 Ind. App. 533, 171 N. E. 10, from a judgment on an amended complaint. The institution was held liable, in that it had retained an incompetent manager, after it had knowledge of his incompetence.

It seems, then, that the rules set forth in *St. Vincent's Hospital* v. *Stine, supra,* and *Old Folks and Orphan Childrens Home* v. *Roberts, supra,* are still correct statements of the status of the doctrine of charitable immunity in Indiana.

Appellant points out that many states have discarded the doctrine and seeks to have this court do the same. However, the same proposition was presented to the Indiana Legislature in 1959 and was turned down. The proposed legislation was as follows:

" SENATE BILL NO. 186

A BILL FOR AN ACT concerning the legal responsibility of eleemosynary institutions for the negligent acts of their employees.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF INDIANA:

SECTION 1. As used in this act the term 'eleemosynary institution' shall mean any hospital and health facility organized not for profit under the laws of this state, and which is organized primarily for charitable purposes.

SECTION 2. Any eleemosynary institution, as defined in this act, shall be liable in damages to any person who suffers injuries to his person because of the negligent acts of any of the officers and employees of such institution: Provided, That the provisions of this act shall not apply to any cause of action which arises prior to the effective date of this act.

SECTION 3. Whereas an emergency exists for the immediate taking effect of this act, the same shall be in full force and effect from and after its passage."

In view of the foregoing, we cannot say that the appellee, in this case, should be denied the protection of charitable immunity.

Appellant further seeks to have this court to narrow the doctrine by holding a charitable institution liable in its corporate entity. To support this proposal, appellant points out that while Indiana cases hold a charitable institution not to be liable for torts resulting from the negligence of its employees, the cases have not admitted the use of the doctrine as a bar to an action against the corporation in its corporate capacity.

In light of the case law and the refusal of the Legislature to alter the public policy as expressed in such case law, we see no reason to draw this fine distinction and thus limit the application of the doctrine. Indeed, if this court were to do so, it would be in contravention of ruling precedents of our Supreme Court. Under §4-215, Burns' Indiana Statutes Annotated, 1946 Replacement, we are not permitted to do this.

Appellant, in his second, third and fourth assignments of error, asserts that the trial court erred in sustaining appellee's demurrer to the second, third and fourth paragraphs of his amended reply. The reply set forth estoppel, waiver and fraud. Appellant, however, confines his argument and citation of supporting authorities to the estoppel issue. Therefore, we shall discuss only the estoppel issue.

In order to constitute an equitable estoppel or estoppel *in pais* there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge, or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party

to whom it was made must have relied on or acted on it to his prejudice. *Midland Building Industries, Inc.* v. *Oldenkamp et al.* (1952), 122 Ind. App. 347, 103 N. E. 2d 451; 31 C. J. S., Estoppel, §67, p. 254.

Where an estoppel is relied upon, it must be pleaded with particularity and precision, and nothing can be supplied by intendment, and, when there is ground for inference or intendment, it will be against, and not in favor of, the estoppel. *Bowes et al.* v. *Lambert et al.* (1943), 114 Ind. App. 364, 51 N. E. 2d 83, 51 N. E. 2d 897; *Dudley et al.* v. *Pigg* (1898), 149 Ind. 363, 48 N. E. 642.

The reply did not allege facts, which if proven, would constitute all of the elements of estoppel. There was no allegation that appellee intended the alleged representation should be acted upon, nor was there an allegation that appellant did not have the means to acquire knowledge that appellee was a charitable institution. There was no error, therefore, in sustaining the demurrer to the reply.

Affirmed.

Hunter, Kelley and Pfaff, JJ., concur.

Note.—Reported in 191 N. E. 2d 337.