EWING v. TIMMONS BY HER NEXT FRIEND, JAMES TIMMONS.

[Nos. 19,569 and 19,630. Filed October 31, 1963.]

*Aribert L. Young, Owen S. Kern* and *Armstrong, Gause, Hudson & Kightlinger,* all of Indianapolis, for appellant.

*Russell I. Richardson, Stewart & Richardson,* of Lebanon and *Marie T. Lauck,* of Indianapolis, for appellees.

CARSON, P. J.—Both actions were negligence actions growing out of a collision between two motor vehicles at a semaphore controlled street intersection in the city of Indianapolis, Indiana. The actions were consolidated on appeal. The motions for new trial in each of the actions covered substantially the same specifications and with one minor exception both the appellant and the appellee argued the error assigned as applicable to both cases.

The action of Diana Leigh Timmons by her next friend, James Timmons, was for personal injuries, and the action by James Timmons was for loss of services of Diana Leigh Timmons. The actions grew out of an automobile accident in which the car of the appellant collided with an automobile operated by one Vivian Turner and in which automobile, Diana Leigh Timmons was riding as a passive guest.

To the complaints filed by each of the appellees the appellant filed answer under Rule 1-3 of the Supreme Court of Indiana, the actions were consolidated and tried by jury. At the close of all of the evidence the

appellant moved for a directed verdict in both cases which motions were denied.

The jury returned a verdict for the plaintiff, Diana Leigh Timmons, in the amount of $3,000.00 and for James Timmons in the amount of $500.00. Consistent judgments were rendered by the court upon the verdicts of the jury. The appellant filed a motion for new trial in the case of Diana Leigh Timmons setting up that the damages were excessive, the verdict of the jury was not sustained by sufficient evidence, the verdict of the jury was contrary to law and error of law occurring at the trial with respect to instructions. In the case involving James Timmons the motion for new trial set out that the verdict was not sustained by sufficient evidence, the verdict of the jury was contrary to law and error of law occurring at the trial with respect to instructions. Both motions for new trial were overruled on the 6th day of September, 1960.

In the appellant's assignment of error we shall first consider the fourth proposition, namely error of law occurring at the trial with respect to the giving of instructions requested by the appellees and the refusal to give certain instructions tendered by the appellant.

Instruction number one given by the court for appellees is based upon the motor vehicles laws of the state of Indiana with respect to the speed regulations and may be found in §47-2004, Burns' 1959 Pocket Supplement. To this instruction, the appellant objected for the reason that there was no evidence in the case with reference to speed from which the jury could find directly or by inference that the appellant operated her car at a speed in excess of the statutory requirement.

The appellees in their complaints allege that the appellant operated her automobile at a high and unrea-

sonable rate of speed, to wit, 40 miles per hour. The appellant submitted an instruction that this paragraph of the appellees' complaints should be withdrawn from the consideration of the jury in arriving at its verdict in those cases.

In passing upon instructions, it has long been the holding of this court that instructions will be regarded as a total charge to the jury and if an instruction which might be erroneous standing by itself is cured by other instructions in the charge then no reversible error exists. *New York, Chicago & St. Louis Railroad Company* v. *Mercantile National Bank, Administrator, etc.* (1960), 130 Ind. App. 638, 654, 165 N. E. 2d 382; *H. E. McGonigal, Inc.* v. *Etherington* (1948), 118 Ind. App. 622, 636, 79 N. E. 2d 777. If, however, one or more of the instructions given is prejudicial to the rights of either of the parties, or a proper instruction is refused, then such action by the trial court can well be the basis for a reversal.

The trial judge by reason of training and experience has, under our procedure, been vested with the responsibility of giving instructions to the jury. While most of the instructions in a given case are submitted by counsel, it is nevertheless the duty of the court to examine them to determine that each instruction properly expounds the law and to further determine that the instruction applies to the issues in the case and is supported by evidence. To give an instruction on an issue formed by the pleadings and on which there is no evidence directly in point, or from which the jury might draw a reasonable inference may be prejudical error. In examining the record in this case we are unable to conclude that there was any evidence to support instruction number one of the appellees. In the case of

*Heckham* v. *Smith, A Minor, etc.* (1960), 130 Ind. App. 452, 461, 165 N. E. 2d 609, this court said:

> "The objections were on the ground that the instruction is not within the issues of the case. It is not challenged as being an incorrect statement of the law. In our opinion, the evidence was such as to make the instruction applicable here. Further, while it is error to give instructions on an issue not supported by evidence, the giving of such instructions, does not require a reversal *where no prejudice resulted to appellant, Hoesel* v. *Cain, et al.; Kahler* v. *Cain, et al,* (1944), 222 Ind. 330, 53 N.E. 2d 165, 53 N.E. 2d 769; *Goldblast Bros. Inc.* v. *Parish, et al.* 1942), 110 Ind. App. 368, 33 N.E. 2d 835, 38 N.E. 2d 235." (Our Emphasis)

The giving of appellees' instruction number one coupled with the refusal of the court to give appellant's instruction number five left in the minds of the jury a part of the complaint which was not supported by evidence. In his preliminary instructions, the judge did not outline the issues to the jury but read the complaint. The pleadings are not evidence and the instructions of the court should be carefully worded so as to prevent the jury from considering the pleadings as part of the evidence in the case. We think the procedure in this case by the trial court was bound to mislead the jury.

By reason of what we have heretofore stated, it is unnecessary for us to pass upon the other alleged errors, the general rule of law being, where, on appeal, it is determined that the trial court committed reversible error on one point, the appellate tribunal need not discuss the other questions in the case. See, *Tribune-Star Pub. Co., Inc.* v. *Fortwendle* (1954), 124 Ind. App. 618, 115 N. E. 2d 215; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185; *Callahan* v.

*New York Cent. R. Co.* (1962), 134 Ind. App. 232, 180 N. E. 2d 567, 183 N. E. 2d 93.

While it is possible that the jury might have arrived at the same verdict in the absence of these assigned errors we nevertheless feel that they constituted prejudicial error. For the reasons above stated the judgments are reversed with instructions that the court grant new trials in both actions.

Judgment reversed.

Clements, Ryan, Cooper, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 497.