EMMCO INSURANCE *v.* PASHAS.

[No. 20,521. Filed March 17, 1967. No Petition for Rehearing filed.]

*Spangler, Jennings, Spangler & Dougherty* and *Richard A. Mayer,* both of Gary, for appellant.

*Chris J. Pappas* and *Bruce E. Sayers,* both of Gary, for appellee.

COOPER, C. J.—This is an action for damages alleged to have been sustained by the Appellee as a result of an alleged breach of a certain insurance policy issued by the Appellant to the Appellee. It appears that after the issues were closed the cause was tried before the trial court without the intervention of a jury. Because of the result we have reached, it is necessary for us to set forth the complaint in its entirety. Said complaint, omitting caption and signatures, reads as follows:

## "COMPLAINT FOR DAMAGES FOR POLICY BREACH.

"Comes now the plaintiff and for cause of action against the defendant, alleges and says:

### 1.

"That the defendant is a corporation duly organized under the laws of the State of Indiana, and is now and has been for many years last past, engaged in a general automobile insurance business and operates its said business in the State of Indiana and maintains and operates an agency at 31 E. Fifth Avenue, Gary.

### 2.

"That on or about the 21st day of April, 1955, in consideration of the premium therein provided for, the defendant executes (sic) its policy insurance to the plaintiff, Policy No. 2243319-4, upon plaintiff's 1955, 2 door sedan Hardtop, Mercury Monterey, whereby it promised, in event

that the plaintiff suffered any damage to his vehicle as a result of any collision, the defendant would pay said damage less the first Fifty ($50.00) Dollars. All copies of said policies are in the exclusive possession of the defendant.

### 3.

"That plaintiff had paid all premiums due defendant for said insurance protection.

### 4.

"That prior to June 25, 1956, plaintiff disposed of his 1955 2 door Sedan Hardtop, Mercury Monterey, and purchased a 1956, 4 door Chevrolet Station Wagon, and on the 25th day of June, 1956, notified the company by ordinary mail that he had purchased this vehicle and requested that said insurance be transferred to said vehicle.

### 5.

"That on the 24th day of December, 1956, while said policy was in full force and effect, the plaintiff was in the City of Hammond, State of Indiana, driving upon the Indiana Toll Road and his car slid upon the ice and struck the rails on the sides of the Toll Road causing damage to his car in the amount of One Thousand Two Hundred Seventy-Five Dollars ($1,275.00).

### 6.

"That the fair cash market value of the plaintiff's car before the accident one One Thousand Three ($1,300.00) Dollars, (sic) and the fair cash market value of the defendant's (sic) car after the accident was Twenty-five ($25.00) Dollars.

### 7.

"That the plaintiff gave notice of the accident in conformity with the terms and requirements of his policy of insurance.

### 8.

"That on the 18th day of January, 1957, the plaintiff demanded of the defendant that his car be repaired as provided in said policy but the defendant has failed and neglected and refused to pay same, or any part thereof, and

there is now due the plaintiff and unpaid, the sum of One Thousand Two Hundred Seventy Five ($1,275.00) Dollars.

"Wherefore, plaintiff sues and demands judgment for One Thousand Two Hundred Seventy-five ($1,275.00) Dollars, costs of this action, and for all other just and proper relief."

After submission, the trial court made the following entry:

"The Court having taken the matter under advisement now adopts the findings of facts and conclusions of law submitted by the plaintiff, and finds the plaintiff ought to have and recover of and from the defendant the sum of $2650.00 with 6% interest as of date of suit. Costs v. defendant. Judgment accordingly."

The special findings of fact and conclusions of law as adopted by the court read as follows:

"1. That in February or March of 1956, the plaintiff owned a 1954 Plymouth which was insured by a policy issued by the Emmco Insurance Company.

"2. That at said time plaintiff traded in said 1954 Plymouth and purchased a 1956 Chevrolet station wagon, and upon notice of the payment of the auto lien the Emmco Insurance Company cancelled the policy and within two or three weeks issued a check to the plaintiff for the balance of the unearned premiums on said 1954 Plymouth.

"3. That in early June of 1956, the plaintiff owned a 1955 Mercury which was also covered by the insurance policy, number 2243319-4, issued by the Emmco Insurance Company, and which policy was introduced into evidence as marked Plaintiff's Exhibit Two (2), and which is incorporated herein by reference as if fully set out.

"4. That the plaintiff had paid the premiums for said insurance policy, number 2243319-4, for the period from the 21st day of April, 1955, through the 21st day of October, 1957, and that the policy remained in full force and effect during this time.

"5. That in June of 1956, the plaintiff traded in said 1955 Mercury and the lien on it was paid in full, and the defendant, Emmco Insurance, was notified of said fact but said company did not cancel said policy as provided for in 'condition thirteen' of said policy, and the plaintiff did not

receive a check for the unearned premiums for the insurance covering said 1955 Mercury, as he had received for the unearned premiums on said 1954 Plymouth, when he sold it, and that the plaintiff has never received a check or payment for the unearned premiums on policy number 2243319-4.

"6. That on the 25th day of June, said policy not having been cancelled nor the unearned premiums refunded, the plaintiff notified the Emmco Insurance Company, by depositing a letter to the Emmco Insurance Company, in the U.S. Mail, properly addressed and with adequate postage, requesting them to transfer the insurance provided by policy number 2243319-4, from the 1955 Mercury to the plaintiff's 1956 Chevrolet station wagon.

"7. That the defendant, Emmco Insurance, in court and by its attorney, admitted receiving the said notice of transfer and stipulated the same.

"8. That on the 24th day of December, 1956, the plaintiff, while driving the said 1956 Chevrolet station wagon, was involved in a single car accident, at which time the 1956 Chevrolet was extensively damaged.

"9. That subsequent to the date of the accident, the defendant Emmco Insurance, did tender a return of premiums on the policy number 2243319-4."

As conclusions of law upon the facts, the court stated:

"1. That policy number 2243319-4 was in full force and effect from the 21st day of April, 1955, to the 21st day of October, 1957, and was in full force and effect at the time of the accident on the 24th day of December, 1956.

"2. That the defendant, Emmco Insurance, failed to automatically cancel the insurance and send the plaintiff a check for the unearned premiums as they had done just three months before when the plaintiff sold his 1954 Plymouth.

"3. That the defendant, Emmco Insurance, received adequate notice of the request to transfer the coverage provided by policy number 2243319-4, from plaintiff's 1955 Mercury to the plaintiff's 1956 Chevorlet.

"4. That the plaintiff as a result of the defendant's course of conduct was justified in believing that the 1956 Chevrolet was covered by policy number 2243319-4.

"5. That the defendant Emmco Insurance having failed to cancel the policy according to 'condition thirteen' contained therein, and which policy as a contract of adhesion is to be strictly construed against the insurance company, and having failed to issue a check for the unearned premiums as was their practice and as they had done just three months earlier in a similar situation with this same plaintiff, the defendant Emmco Insurance is now estopped from denying liability under the policy number 2243319-4, after the fact of an accident on the 24th day of December, 1956, has occurred.

"6. That the defendant, Emmco Insurance, having had the use and benefit of the plaintiff's premium money, is now estopped from denying liability under this policy after a claim has arisen thereunder.

"7. That according to the unrefuted and uncontradicted testimony as to the value of the car before the accident was Two Thousand Eight Hundred ($2,800.00) Dollars and the value after the accident was One Hundred Fifty ($150.00) Dollars, and that the plaintiff was therefore damaged in the sum of Two Thousand Six Hundred Fifty ($2,650.00) Dollars with six (6%) per cent interest as of the date of suit.

"and now finds for the plaintiff and against the defendant in the sum of $2,650.00 and that said judgment should bear six (6%) per cent interest as of the date of suit, together with all costs on the policy sued upon herein."

Within thirty days after judgment the Appellant filed its motion for new trial containing several specifications of averred error. The pertinent ones with which we are presently concerned are the trial court's conclusions of law numbered 5 and 6.

It is the Appellant's contention that the special findings of fact upon which conclusions of law numbered 5 and 6 were based, were not sustained by sufficient evidence and were contrary to law, and further, that conclusions of law numbered 5 and 6, based upon estoppel, were contrary to law because the question of estoppel was not raised by a special pleading and therefore was not within the issues before the trial court.

The Appellee in his brief and in oral argument before this Court, admits that even though his complaint filed in the trial court did not allege estoppel, the trial court, by adopting the Appellee's findings of fact and conclusions of law, cured any deficiency in the allegations of the complaint, and further, that there was ample evidence to support the trial court's decision.

In reviewing the pleadings and the evidence in the record now before us, we cannot agree with this contention.

It affirmatively appears from the Appellee's Complaint hereinbefore set out, that said complaint, in substance, was predicated upon the theory that the Appellee had legally effected coverage under the contract or insurance policy in question by giving notice and requesting the transfer of the insurance coverage from a Mercury Hardtop to a Chevrolet Station Wagon, and by paying all premiums due, in conformity with the terms and requirements of his insurance policy, and that his complaint was tried upon this theory. The complaint is devoid of any alleged facts, which, if proved, would constitute all of the elements of estoppel.

It appears from the record that the Appellee proceeded upon the theory of a breach of contract by the Appellant under the provisions of an insurance policy issued by the Appellant to the Appellee, that the Appellee fulfilled all of the terms and requirements of the contract or insurance policy, that the Appellee demanded that the Appellant repair said car as provided in said policy, that the Appellant failed, refused and neglected to pay the sum due, or any part thereof, and that there was due to the Appellee the sum of $1,275.00.

Having elected to proceed upon the foregoing theory, the Appellee and the trial court were bound by such theory.

In the recent case of *Michel* v. *Forde* (1963), 135 Ind. App. 360, 369, 191 N. E. 2d 507, 511, we find the following statement:

"That a complaint must proceed upon some definite theory, which must be adhered to throughout the trial and upon appeal is so thoroughly settled that the citation of authorities is unnecessary."

To constitute an estoppel by conduct, there must be evidence of probative value establishing the following facts: (1) A representation or concealment of material facts; (2) The representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant of the matter; (4) It must have been made with the intention that the other party should act upon it; (5) The other party must have been induced to act upon it. *Hosford v. Johnson ,et al.*, (1881), 74 Ind. 479; *Richardson v. St. Mary's Hospital, Inc.*, (1963), 135 Ind. App. 1, 7, 8, 191 N. E. 2d 337, and authorities cited therein.

We fail to find such necessary evidence in the record, or any evidence upon which such an inference could be based.

The Appellee also contends that as to any alleged deficiency in the pleadings, they will be deemed to be amended on appeal, if necessary to conform to the proof. We agree with the Appellee that the foregoing is the general rule concerning pleading and proof, but we are of the opinion that this general rule of law does not apply to estoppel. Estoppel is an exception to the general rule.

We find no exceptions to *the uniform rule that an estoppel must be specially and strictly pleaded and that no intendments are made in favor of such plea, and when there is grounds for inference or intendment, it will be against and not in favor of estoppel.* (Our emphasis) *Richardson v. St. Mary's Hospital, Inc., supra; Bowes, et al., v. Lambert, et al.*, (1943), 114 Ind. App. 364, 51 N. E. 2d 83, 51 N. E. 2d, 897; *Dudley, et al. v. Pigg* (1898), 149 Ind. 363, 48 N. E. 2d 642.

By reason of the foregoing, it is unnecessary for us to consider and to pass upon the other alleged errors, since the gen-

eral rule of law is that if, on appeal, it is determined that the trial court committed reversible error on any one point, the appellate tribunal need not discuss any of the other questions which may have been raised in the case. *Ewing* v. *Timmons By her next Friend, James Timmons,* (1963), 135 Ind. App. 274, 278, 193 N. E. 2d 497; *Tribune-Star Pub. Co., Inc.* v. *Fortwendle* (1954), 124 Ind. App. 618, 115 N. E. 2d 215; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185; *Callahan* v. *New York Cent. R. Co.* (1962), 134 Ind. App. 232, 180 N. E. 2d 567, 183 N. E. 2d 93.

Judgment reversed.

Carson, Faulconer, and Prime, JJ., concur.

NOTE.—Reported in 224 N. E. 2d 314.