366 N.E.2d 226 (1977)
MIDDLETON MOTORS, Inc., Appellant (Plaintiff below),
v.
INDIANA DEPARTMENT OF STATE REVENUE, Gross Income Tax Division, Appellee (Defendant below).
No. 1-277A27.
Court of Appeals of Indiana, First District.
August 25, 1977.
Rehearing Denied October 6, 1977.
James W. Pendland, Bedford, Tucker & Tucker, James C. Tucker, Paoli, for appellant.
Theodore L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellee.
*227 LYBROOK, Judge.
Middleton Motors, Inc., (Middleton) plaintiff-appellant, brings this appeal following the granting of the Indiana Department of State Revenue's (State) Motion to Dismiss.
The facts, when taken from the viewpoint most favorable to the appellant, indicate that Middleton was audited by the State and assessed approximately $9,000 in back taxes. Middleton made arrangements to pay the assessment in three installments, the last of which was paid on June 14, 1971. During the conversation in which it was agreed that Middleton would be allowed to pay the taxes in installments, Virgil Berry, the Deputy Director of Indiana Department of State Revenue, informed Paul Middleton (President of Middleton Motors, Inc.) that the installments would be acceptable and that he had two years in which to sue for a refund of the contested taxes.
Middleton made the final payment of the back taxes on June 14, 1971, and filed a claim for refund on August 19, 1971. On September 13, 1971, the claim was denied by the State. Middleton filed suit for a refund in the Orange Circuit Court on March 13, 1972. On March 31, 1972, State filed a Motion to Dismiss alleging lack of jurisdiction and failure to state a claim upon which relief can be granted. The trial court initially overruled the Motion to Dismiss but granted the Motion upon State's Motion to Reconsider.
Upon the above facts, Middleton presents one issue for review:
(1) May the State be estopped to assert the provisions of a refund statute as a result of affirmative representations made by an agent of the State?

I.
Middleton contends that the elements of estoppel are present in the case at bar and that equity and the ends of justice demand he receive a hearing on the merits in the refund procedure.
The statute which provides the grounds for this controversy is IC 1971, 6-2-1-19 (Burns Code Ed.) which in pertinent part reads:
"(a) If any person considers that he has paid to the department for any year an amount which is in excess of the amount legally due from him for that year under the terms of this act [6-2-1-1 - 6-2-1-53], he may apply to the department, by petition in writing, at any time within three [3] years after the payment for the annual period for which such alleged overpayment has been made, for a correction of the amount so paid by him to the department, and for a refund of the amount which he claims has been illegally collected and paid.
* * * * * *
Provided, however, That except as hereinafter provided, no court shall have jurisdiction over any such suit unless the taxpayer shall show that the complaint therein was filed within three [3] months after he shall have received notification of the action of the department denying said petition for refund in whole or in part."
It is conceded that Middleton failed to file its complaint within the three month period. Middleton asserts that the Deputy Director (2nd in command) of the State Department of Revenue informed it that the period for filing the complaint for refund was two years. Middleton contends that the State should therefore be estopped to assert the three month limitation allowed for filing the complaint for refund.
It must be noted that a Motion to Dismiss will be treated as a Motion for Summary Judgment when matters outside the pleadings are presented to the trial court. Ind. Rules of Procedure, Trial Rule 12(C).
It is equally well established that this court, when reviewing the granting of Summary Judgment, must determine if any genuine issue of fact exists, and whether the law was correctly applied by the trial court. Hale v. Peabody Coal Company (1976), Ind. App., 343 N.E.2d 316. We must therefore consider all facts as alleged by Middleton to be true, and draw from those *228 facts all reasonable inferences favorable to Middleton. Hale, supra.
The basic disagreement between the parties centers around the State's contention that it can never be estopped from asserting the provisions of a statute; namely, IC 1971, 6-2-1-19 (Burns Code Ed.).
The State's alleged immunity from estoppel is an offshoot of sovereign immunity. United States v. Georgia-Pacific Company, 421 F.2d 92 (9th Cir.1970). Since sovereign immunity has been gradually limited, and finally abolished in Indiana, Campbell v. State (1972), 259 Ind. 55, 284 N.E.2d 733, the State must be held to the same standards as private citizens when dealing with other parties; and therefore estoppel may be applied to the State when all the proper elements are present.
Estoppel has previously been held applicable to governmental units, either expressly or by implication in several Indiana decisions: Indiana State Highway Com'n v. Pappas (1976), Ind. App., 349 N.E.2d 808; State v. Hendricks Superior Court (1968), 250 Ind. 675, 235 N.E.2d 458; City of Evansville v. Follis (1974), Ind. App., 315 N.E.2d 724. While it is clear that the application of estoppel to the State has been historically limited to proprietary acts and not allowed as to acts of a governmental character, the distinction between governmental and proprietary acts was erased in Campbell, supra.
The State persuasively draws our attention to the case of Department of Ins. v. Church Members Relief Assn. (1940), 217 Ind. 58, 26 N.E.2d 51. This decision was rendered well before the fall of sovereign immunity and therefore is of somewhat less force than its language may indicate. Reliance upon an "unauthorized act" of the State's agent must be tested by the standard of reasonableness (as an element of estoppel) by the party relying on the agent's statements. Therefore an "unauthorized act" by a state agent cannot act as an absolute bar to an estoppel.
The State also directs this court to the case of Marhoefer Pkg. Co., Inc. v. Indiana Dept. of State Rev. (1973), 157 Ind. App. 505, 301 N.E.2d 209. That case required strict compliance with the provisions of IC 1971, 6-2-1-19 (Burns Code Ed.) in order for recovery of any tax overpayments. Marhoefer may be distinguished by its failure to have estoppel as an element of the case.
Once it has been decided that estoppel may be employed against the State, it must be determined whether the essential elements of estoppel are present in the case at bar. The elements necessary to establish an estoppel were recently stated in State, Crooke v. Lugar (1976), Ind. App., 354 N.E.2d 755 quoting from Emmco Insurance v. Pashas (1968), 140 Ind. App. 544, 224 N.E.2d 314, as follows:
"`(1) A representation or concealment of material facts; (2) The representation must have been made with knowledge of the facts; (3) The party to whom it was made must have been ignorant of the matter; (4) It must have been made with the intention that the other party should act upon it; (5) The other party must have been induced to act upon it.' 140 Ind. App. at 551, 224 N.E.2d at 318. See, also, Sheraton Corp. of America v. Kingsford Packing Co., Inc. (3rd Dist. 1974), Ind. App., 319 N.E.2d 852, 856."
The existence or presence of each of these elements is a question of fact, and not one of law, if reasonable men could differ in their review of the evidence and the inferences to be drawn therefrom. Seymour Improvement Co. v. Viking Sprinkler Co. (1928), 87 Ind. App. 179, 161 N.E. 389. The record reveals evidence capable of supporting conflicting conclusions and the trier of fact must resolve those conflicts. Middleton was therefore entitled to a hearing on the merits and the Motion to Dismiss should have been denied.
The judgment of the trial court is hereby reversed with directions to afford Middleton a hearing on the merits.
Reversed.
ROBERTSON, C.J., and LOWDERMILK, J., concur.