ELIZABETH CUNNINGHAM *v.* BOARD OF COUNTY COMMISSIONERS OF OHIO COUNTY, INDIANA.

[No. 472A164. Filed September 5, 1972. Rehearing denied October 25, 1972. Transfer denied August 8, 1973.]

*William R. Pfister, Bielby & Pfister,* of Lawrenceburg, *Frank E. Spencer,* of Indianapolis, for appellant.

*Henry A. Pictor,* of Rising Sun, for appellee.

LOWDERMILK, J.—The complaint in this cause was filed under the old Rules and tried under the present Supreme Court Rules.

The complaint was in one Paragraph for wages due, to which was filed an answer which amounted to admissions and denials and to which answer was filed a reply denying the allegations of rhetorical paragraphs 4, 5, 6, and 7.

The cause was tried to the court without a jury and on stipulations of fact, with the court hearing no parol evidence.

On March 10, 1971, the trial judge found for the defendant-appellee and against the plaintiff-appellant. The motion to correct errors was timely filed and set out two alleged errors, namely, the decision of the court was contrary to the evidence and the decision of the court was contrary to law.

We shall group these and treat them together in this opinion.

The facts are that Ohio County, Indiana, from and including the first day of January, 1963, until the stipulations of fact were made, had a population of less than 10,000; the Board of County Commissioners of said county maintained the jail; that during said period of time the plaintiff-appellant assumed and discharged the duty of receiving, taking charge of, searching, and properly caring for at said jail all female prisoners and all children under the age of 14 years who were arrested and detained in said jail. That in addition plaintiff-appellant, for said period, prepared meals for other prisoners, answered the Sheriff's telephone when necessary, operated the Sheriff's radio in the absence of the Sheriff and the Deputy, and cleaned all jail facilities. During said time no other person was appointed to perform the above duties and, in fact, no other person did perform such duties.

That the plaintiff-appellant was the wife of the duly elected, qualified and acting Sheriff and resided in the residence section of said jail.

During said time there was one male Deputy for Ohio County, employed on the statutory salary for Deputy Sheriffs in counties of less than 10,000 population.

Plaintiff-appellant during said period of time did occasionally work one or two hours during the lunch period at a restaurant across the street from the jail and for no more than two weeks, worked in a canning factory at Rising Sun and during such part-time employment had arrangements

with the employer to leave at any time it was necessary to return to the jail and discharge her duties.

Plaintiff-appellant was over the age of 21 years, able bodied, of good moral character and was fully qualified to act as prison matron.

Plaintiff-appellant filed a claim with the Board of Commissioners of Ohio County, Indiana, as matron, for the period of March 1, 1967 to March 31, 1967 in the amount of $150.00. This claim was denied.

Plaintiff-appellant then for the period of April 1, 1967 to April 30, 1967, filed a claim for $50.00 for the month of April and also $50.00 for the previous month, which claim the Board of County Commissioners allowed.

Plaintiff-appellant then filed on April 24, 1967, her claim for back wages she alleged was due and said claim was denied in its entirety by the Board of Commissioners of Ohio County.

Sheriff Cunningham, plaintiff-appellant's husband, had filed his budget request for the year of 1964, for matron's salary in the amount of $800.00, $1,000 in 1965, and $1,200.00 in 1966.

The actual salaries paid plaintiff-appellant as matron as approved by the Board of County Commissioners was $500.00 for each of the years 1963, 1964 and 1965, $600.00 for 1966 and from the first day of January to the first day of July, 1967, $300.00, and from July 1, 1967 to December 31, 1967, $300.00.

Plaintiff-appellant makes the argument that she was appointed prison matron for Ohio County by the Sheriff and having performed the duties of such prison matron was entitled to the minimum wages provided by statute and that her acceptance of less than the minimum wages during the years did not prejudice her cause of action. Defendant-appellee, of course, contravenes this argument. Plaintiff-appellant contends that the decision of the trial court denying her claim was contrary to the evidence and that the trial court failed

to apply the applicable statutory law and principles of law to the undisputed facts and was contrary to law.

She further contends that she is entitled to 10% additional damages and reasonable attorney fees, neither of which was allowed, and that that is contrary to law.

In the stipulations of fact, specification 5 says that no other person performed the duties of matron. A part of the same reads as follows:

". . . (This stipulation is not to be construed as an admission by Defendants that Plaintiff was duly appointed.)"

Defendant-appellee contends that plaintiff-appellant was not duly appointed for the reason the Sheriff did not administer to her an oath of office which she was required to execute and file the same with the Board of Commissioners. Ind. Ann. Stat. § 49-502 (Burns 1964 Repl.) provides that a Deputy Sheriff shall take his oath of office and may perform all duties such as the principal.

Ind. Ann. Stat. § 13-1201 (Burns 1956 Repl.) provides that in all counties having a population of less than 40,000 according to the last preceding United States Census the prison matron shall be appointed,

". . . whose duty it shall be to receive, take charge of, search, and properly care for, at the county jail, city prison or other prisons within said county, all the female prisoners and all the children under the age of fourteen [14] years who shall be arrested and detained in such jail or prisons. The salary of the prison matron in all counties having a population of less than forty thousand [40,000], according to the last United States census, shall be fixed by the board of county commissioners and approved by the county council."

The stipulations of fact are as silent as the still of night as to whether the Commissioners did or did not fix the plaintiff-appellant's salary as matron and whether or not the County Council approved the same. However, as heretofore stated, it is stipulated that she did perform the duties of ma-

tron and the Commissioners allowed her some remuneration for her services and the same was appropriated by the County Council and paid to her by the Auditor.

Stipulation of fact number 12 states:

"12. That Sheriff Cunningham, if permitted, would testify that he verbally appointed Plaintiff to serve as matron at all times mentioned in this cause."

Such stipulation is not binding on the trial court or on this court. There is no reason given or stipulated why Sheriff Cunningham was not called as a witness to testify.

The attempt to show that the preceding Sheriff appointed his wife matron in writing and administered to her an oath is immaterial to the issues in the case at bar and is not a precedent binding on the parties, on the trial court, or on this court.

Plaintiff-appellant further argues that Ind. Ann. Stat. § 13-1203 (Burns 1956 Repl.) controls in this case. Said statute does provide that a prison matron shall be jailer in charge of the female department of the jail and other prisons in such county when such prisoners are confined in such jail or prison, with all the powers and duties of a member of the sheriff's or police force, and shall have authority to summon any sheriff or sheriff's officer, to her aid, when aid is required. "Such prison matron and her assistant or assistants shall be paid such compensations or salaries as other deputy sheriffs and police officers are paid for like work."

Under this statute plaintiff-appellant argues that she is entitled to the salary of the Deputy Sheriff duly appointed and acting, which salary was a minimum of $150.00 per month in a county with a population of less than 10,000 people. Ind. Ann. Stat. § 49-1002 (Burns 1946 Repl.)

Ind. Ann. Stat. § 13-1203 (Burns 1956 Repl.) on which plaintiff-appellant relies has the limitation that the prison

matron and her assistant or assistants shall be paid such compensations or salaries as other deputy sheriffs and police officers *are paid for like work.*

The stipulations of fact are moot on the record of plaintiff-appellant having performed like work of deputies. There is no proof in the record that the work of the duly appointed and qualified Deputy Sheriff of Ohio County was similar to that of the plaintiff-appellant, and, in fact stipulation of fact number 5 did show that during the period of time in question that no other person was appointed to perform the duties of jail matron and no other person, in fact, did perform such duties.

Plaintiff having failed to prove the salary of a Deputy doing *like work* is precluded from any recovery above that which she was paid for services rendered as allowed by the County Commissioners and approved by the County Council and which was paid by the Auditor drawing his warrant on the treasury of Ohio County. Consequently, plaintiff-appellant is not entitled to a recovery herein and neither is she entitled to 10% damages and attorney fees.

In this case the facts are stipulated and there was no parol evidence. Therefore, under the holding of *Pomerenke* v. *Nat. Life and Acc. Ins. Co.* (1968), 143 Ind. App. 472, 241 N. E. 2d 390, wherein the facts were undisputed and appeared from admissions in the pleadings, the court said, at page 475:

". . . This court is in as good a position as the trial court to determine the force and effect of these undisputed facts, and it is our responsibility to determine whether or not the facts support the finding and judgment of the trial court. [Citing cases.]" See, also, *Emmco Ins. Co.* v. *Ind. Farmers Mut. Ins. Co.* (1972), 152 Ind. App. 212, 283 N. E. 2d 404.

The case at bar, as heretofore stated, was submitted to the trial court on stipulations of fact with no parol evidence being heard. Under such a state of facts this court is in as good a

position as the trial court to determine the force and effect of these undisputed facts and we have the same responsibility to determine whether the facts did or did not support the finding and judgment of the trial court, as stated in the *Pomerenke* case, *supra.*

There was no special findings of facts and conclusions of law requested and none was rendered by the trial court. We are of the opinion that the trial court did not consider equitable estoppel as the parties in oral argument agreed that estoppel complained of by plaintiff-appellant in her brief was not applicable to the case at bar. Neither do we know the exact evidence or law on which the trial court relied for its finding and judgment.

This is a case, as above stated, in which this court has authority to weigh the evidence as a trial court. However, there is sufficient evidence in the record to sustain the judgment reached by the trial court without our weighing the evidence. Should we take it upon ourselves to disregard the rule that it is the duty of the trial court to determine the evidence and not ours and should we, as we are permitted in this case to do, weigh the evidence as presented by the stipulations of fact agreed to by the parties, we would find as the trial court found. The reason for such finding is, in our opinion, that the plaintiff-appellant did not make her case in that she failed to prove that as jail matron of Ohio County, Indiana, she should have been paid such compensation or salaries as other deputy sheriffs and police officers, including jail matrons, *are paid for like work.*

It is, therefore, our opinion that the judgment of the trial court was correct, and was not contrary to law, and neither was it contrary to the evidence.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported in 286 N. E. 2d 671.