PAUL WAYNE HOUCHIN *v.* JOAN WOOD BY DOROTHY MATTHEW, HER NEXT FRIEND.

[No. 1-474A75. Filed October 30, 1974.]

*Rickard H. Crokin,* of Indianapolis, for appellant.

*Richard J. Wood, Mellen & Mellen,* of Bedford, for appellee.

LYBROOK, J.—The sole issue in this appeal is whether the trial court erred in overruling defendant-appellant's request for a jury trial in a paternity action.

We conclude that the jury request was not timely filed. Upon the authority of *Buher* v. *Johnson* (1973), 155 Ind. App. 693, 294 N.E.2d 625, the trial judge was correct in denying the request and we affirm.

After plaintiff-appellee filed her petition to establish paternity, appellant was served by warrant on April 25, 1972, and posted a recognizance bond on the same date. His trial counsel entered appearance on June 6, 1972, and on the following day filed an answer and request for jury trial. After three settings of the cause for trial by jury and subsequent continuances, plaintiff-appellee filed her motion to reset the trial by court. After a hearing the court held that the prior assignments for jury trial were improper and ruled that defendant's request for jury trial be denied. After trial without a jury, the court found that defendant was the father of the plaintiff's child, and ordered payment of support, medical and hospital bills, and attorney fees.

Ind. Rules of Procedure, Trial Rule 38(B), requires that a demand for jury trial be filed not later than ten [10] days after the first responsive pleading to the complaint "and if no responsive pleading is filed or required, within ten [10] days after the time such pleading otherwise would have been required."

TR. 6(C) requires that when a responsive pleading is necessary it must be filed within 20 days. In *State ex rel. Beaven* v. *Marion Juvenile Ct. et al.* (1962), 243 Ind. 209, 184 N.E.2d 20, our Supreme Court held that the trial court was not bound to grant a jury trial to the defending party where his demand therefor was not filed within 10 days after the issues were first closed, whether closed by filing of a responsive pleading or by operation of law.

In *Roe* v. *Doe* (1972), 154 Ind. App. 203, 289 N.E.2d 528, the court recognized that in paternity actions, the issues are deemed closed by operation of law.

Simple arithmetic informs us that the 20 days required by TR. 6(C) plus the 10 days allowed by TR. 38(B) equals 30 days as a maximum time within which a party in a paternity action may file a request for jury trial. The jury request in the case at bar was filed 43 days after defendant was notified of the pendency of the action. Under the above authorities, the request arrived too late and the trial court was correct in denying a jury trial. *Buher* v. *Johnson, supra.*

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 317 N.E.2d 911.