**Margaret E. JOHNSON, Appellant (Plaintiff Below),**

v.

**WABASH COUNTY, Indiana, Clarence Bowman, Eugene Schenkel and Glen A. Berry as the Board of Commissioners of the County of Wabash, State of Indiana, and the Board of Commissioners of the County of Wabash, State of Indiana, Appellee (Defendants Below).**

No. 2–577–A–160.

Court of Appeals of Indiana, Fourth District.

July 9, 1979.

John R. Johnston, Wabash, for appellant.

Larry C. Thrush, Wabash, for appellee.

MILLER, Judge.

Plaintiff-appellant Margaret Johnson (Johnson) brought an action against Defendant-appellee Wabash County (County) to recover unpaid salary allegedly owed her for services rendered as prison matron from and including January 1, 1967, through December 31, 1974. The County filed a motion for summary judgment which was granted by the trial court.

We reverse.

In 1967, Johnson was appointed prison matron of the County by the Sheriff (her husband) in accordance with IC 11–5–4–6[1] and received an annual salary as established by the Wabash County Council.

On November 12, 1975, Johnson filed a complaint seeking judgment in the amount of $37,960.00 against the County for back salary plus attorney fees. This complaint was amended on December 30, 1975, to demand a total amount of $75,920.00 ($28,-470.00 for back salary, $18,980.00 for attorney fees, and $28,470.00 for "liquidated damages"). She claimed she was entitled to be paid a salary equivalent to the salary paid to other deputy sheriffs and police officers in accordance with IC 11–5–4–3 which, prior to its amendment in 1972, provided in relevant part:

"The Prison Matron and her assistant or assistants shall be paid such compensation or salaries as other deputy Sheriffs and police officers *are paid for like work.*" (our emphasis)

This provision was amended effective February 14, 1972 to read as follows:

"The Prison Matron and her assistant or assistants shall be paid such compensation or salaries as other deputy Sheriffs and police officers are paid."

In her complaint, Johnson set forth the annual salaries paid to her as compared to the compensation paid to the deputy sheriffs (allegedly for like work) as follows:

| "Year | Annual Salary Paid To Plaintiff | Annual Salary Paid to Deputy Sheriffs For Like Work |
|---|---|---|
| 1967 | $2,040.00 | $5,620.00 |
| 1968 | 2,700.00 | 5,400.00 |
| 1969 | 2,700.00 | 6,120.00 |
| 1970 | 2,900.00 | 6,500.00 |
| 1971 | 3,190.00 | 6,800.00 |
| 1972 | 3,690.00 | 7,400.00 |
| 1973 | 3,800.00 | 7,700.00 |
| 1974 | 4,000.00 | 7,950.00" |

The County filed a motion for jury trial together with its answer on February 2, 1976, wherein it admitted that Johnson's record of her salary was correct and acknowledged that the salaries of the *lowest paid* deputy sheriff for the years 1972–1973 were accurate, but denied that the salary paid to such deputy sheriffs was for like work as that of the prison matron for the years prior to 1972. Numerous separate defenses were asserted in the answer: first, that the portion of Johnson's claim accruing more than five years prior to the filing of her complaint was barred by the statute of limitations pursuant to IC 34–1–2–2[2]; second, that Johnson waived her claim for additional compensation by accepting the terms of employment and salary paid; third, that her claim was barred in equity by laches; fourth, that she did not perform "like work" as required in the pre-1972 provision of IC 11–5–4–3; fifth, that the position of prison matron was a part-time job and therefore not subject to a salary comparable to a full-time deputy sheriff position; and finally, that attorney fees and liquidated damages were not recoverable. The County's answer also asserted as a set-off that Johnson lived in a dwelling fur-

1. This section provides: "Appointment. The prison matron and her assistants shall be appointed by the sheriffs in the several counties as provided for in this chapter."

2. IC 34–1–2–2. ". . . All actions against a sheriff, or other public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty, within five years; but an action may be brought against the officer or his legal representatives, for money collected in an official capacity, and not paid over, at any time within six years. . . ." The case at bar is an action against the County plus the named officers in their capacity as the executive body of the County and not as individuals. The statute is, therefore, inapplicable.

nished by the County free of any rent or utility charges during the term of her employment and that this constituted additional compensation since none of the deputy sheriffs or police officers had been provided with living quarters or free utilities

On August 12, 1976, the County filed its motion for summary judgment together with affidavits and supporting memorandum. In its memorandum it asserted that the statutory requirement had been met with respect to Johnson's salary since, during the entire period of Johnson's employment, the deputy sheriffs of Wabash County were paid a salary pursuant to the guidelines established by IC 17–3–71–2, which provides in pertinent part:

"In all counties having a population of not less than twenty-five thousand and one [25,001] and not more than forty thousand [40,000] according to the last preceding United States census, the salary of each of said deputies and other assistants shall not be less than two hundred and twenty dollars [$220] per month . . . ."

Thus, County argued, even if Johnson were considered to be a full-time employee and entitled to a salary commensurate with that payable to full-time deputy sheriffs, the County would have been *obligated* to pay her only the statutory minimum of $2,640.00 per year, or a total of $21,120.00 during her eight years of employment. In fact, Johnson was paid a total salary for eight years of $25,020.00.

The trial court denied Johnson's motion to strike the County's request for trial by jury and granted the County's motion for summary judgment. In response to Johnson's motion to correct errors, the trial court's judgment was corrected as follows to set forth reasons for granting the summary judgment:

"FINDINGS AND ORDER—This matter came on for hearing on the 5th day of October, 1976, upon the Defendant's Motion for Summary Judgment. The Court, having heard the arguments of counsel for each of the parties, now finds:

1. That from January 1, 1967 through December 31, 1974, the Defendant would have been obligated to pay a full time prison matron a salary in accordance with the Legislative Directives enumerated in Indiana Code 17–3–71–2;

2. That during the entire eight (8) year period of Plaintiff's employment, Wabash County, Indiana had a population of not less than 25,001 and not more than 40,000 persons;

3. That the minimum salary that Defendant was legally obligated to pay to the Plaintiff, if Plaintiff was a full time employee, was the monthly sum of Two Hundred Twenty Dollars ($220.00);

4. That in all instances the monthly salary paid to the Plaintiff by the Defendant exceeded the statutory minimum prescribed by Indiana Code 17–3–71–2.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that there is no genuine issue of material fact to be decided in this cause, therefore, the Court now grants the Defendant's Motion for Summary Judgment and enters judgment for Defendants."

Johnson presents the following issues for our review:

I. Whether the trial court's entry of summary judgment based on its application of IC 11–5–4–3 and IC 17–3–71–2 was contrary to law in the trial court's application of the appropriate statutes and in its finding that there exists no genuine issue of material fact.

II. Whether the trial court erred by not granting partial summary judgment for Johnson.

III. Whether the trial court erred in granting the County's request for trial by jury.

I.

When reviewing the granting of a summary judgment this Court must determine if any genuine issue of fact exists and whether the law was correctly applied by the trial court. Ind. Rules of Procedure, Trial Rule 56; *Doe v. Barnett* (1969), 145 Ind.App. 542, 251 N.E.2d 688. We first address whether the trial court correctly applied the law.

Johnson contends that the trial court erred in its construction of IC 11–5–4–3. Specifically she argues that the trial court erred when it found that the minimum salary requirements set in IC 17–3–71–2 had a bearing upon IC 11–5–4–3. The County argues that the statutory minimum requirement is directly applicable in the establishment of a prison matron's salary.

The controlling statute in this case is IC 11–5–4–3, which, prior to the 1972 Amendment, required that prison matrons be paid a salary equal to the salary other deputy sheriffs and police officers were paid for like work. The 1972 amendment deleted the qualifying words "for like work," and now requires that prison matrons receive the same compensation as other deputies and police officers are paid, regardless of their respective duties.

■ When construing legislation, this Court must reasonably interpret the statutory language to discover the legislative intent and goal. *Skirvin v. Review Board of the Indiana Employment Security Division* (1976), Ind.App., 355 N.E.2d 425. It is also a fundamental rule of statutory construction that a statute clear and unambiguous on its face need not and cannot be interpreted by a court, *Indiana State Board of Tax Commissioners v. Holthouse Realty Corp.* (1976), Ind.App., 352 N.E.2d 535; and, in the absence of an expressed differing legislative intent, words in statutes are given their plain, ordinary meaning. *Indiana Department of State Revenue v. Cable Brazil, Inc.* (1978), Ind.App., 380 N.E.2d 555. Furthermore, there is a presumption that a statutory amendment was intended to change the existing law. *Sekerez v. Youngstown Sheet & Tube Co.* (1975), Ind. App., 337 N.E.2d 521.

■ Applying these general rules of statutory construction, we conclude the plain meaning of IC 11–5–4–3 to be that a prison matron is entitled to be paid on the same salary scale as that established locally for, and paid to, deputy sheriffs and police officers. Additionally, it must be shown that the duties performed by an employee in the capacity of prison matron prior to the 1972 amendment were "like work" compared to that of deputies and police officers at that time.

IC 11–5–4–3, makes no reference to IC 17–3–71–2, nor do we find that the legislature intended it to do so. The statute establishing the prison matron's powers, duties and compensation, IC 11–5–4–3, was enacted in 1901, while the statute setting the minimum salaries for deputy sheriffs was not enacted until 1933. Consequently the legislature did not have a minimum required salary in mind when the statute was enacted.

The trial court, in finding that IC 17–3–71–2 directed the minimum salary that the County was legally required to pay Johnson, may have relied on the holding in *Cunningham v. Board of County Commissioners* (1972), 153 Ind.App. 217, 286 N.E.2d 671. In that case the plaintiff, a prison matron, brought suit against the county for services rendered. She argued that, in accordance with IC 11–5–4–3, she was entitled to the same salary as the deputy sheriff duly appointed and acting, which salary was, pursuant to IC 17–3–71–2, a minimum of $150 per month in a county with a population of less than 10,000. The court held that the plaintiff, having failed to qualify under IC 11–5–4–3 by proving that she performed "like work" of the deputy, was precluded from any recovery. However, since the prison matron in that case *claimed* only the minimum statutory salary, this Court did not have the opportunity to reach the question that we are confronted with herein, that is, whether IC 17–3–71–2 dictates the minimum salary to which Johnson would have been entitled had she met her burden of proof as to "like work."

IC 17–3–71–2 sets forth the minimum salary *payable* to full-time non-probationary deputies and other assistants; however, it does not set the salary scale or fix the minimum salary to be paid such employees. The salary scale and salaries of full or part-time deputies or other assistants to the sheriff are fixed by the county council pursuant to the authority delegated to it by IC 17–3–71–2. It is within that agency's discretion to determine the amount of such salaries, so long as it abides by the minimum limit prescribed in that statute. Thus,

in the final analysis, the county council, not the minimum salary statute, determines and fixes these salaries. 1947 Op.Ind.Att'y Gen. No. 134.[3]

Thus, the trial court did not appropriately apply the statutory law when it decided that Johnson received adequate compensation based on the minimum legally required salary during the entire term of her employment.

Secondly, Johnson contends that there exist genuine issues of material fact reflected in the pleadings, affidavits and interrogatories which prohibit the entry of summary judgment in this case. In response, the County argues that because the salary received by Johnson was legally adequate, there do not exist any genuine issues of material fact.

■ In its determination of whether a factual controversy exists, the trial court must resolve all doubts as to the existence of a genuine issue as to any material fact against the proponent of the motion for summary judgment and all facts properly asserted by the non-movant in affidavits or by way of answers to interrogatories or admissions must be taken as true. *Podgorny v. Great Central Insurance Co.* (1974), 160 Ind.App. 244, 311 N.E.2d 640. An issue of fact is material where its resolution is decisive of the action or of a relevant secondary issue. *Doe, supra.*

■ We have examined the parties' conflicting affidavits and it is apparent that controversy remains on several critical issues, that is, whether the work performed by Johnson was indeed "like work" such as carried out by other deputies; whether the residence and utilities allegedly provided by the County to Johnson, but to no other deputies, constituted additional compensation; whether the position of prison matron

held by Johnson was a full-time or part-time position; and whether the claim is barred by waiver or laches.

Resolution of these issues, containing questions of fact, is necessary for the ultimate resolution of the action, being a prerequisite to determination of the compensation due Johnson under IC 11–5–4–3.

■ The judge may not use summary judgment procedure to weigh the evidence to determine where the preponderance lies in advance of its being presented. *Letson v. Lowmaster* (1976), Ind.App., 341 N.E.2d 785. Thus, the court's decision granting summary judgment in the County's favor was incorrect both in its application of the law and in its determination that there remained "no genuine issue of material fact."

## II.

Johnson asserts that she was entitled to a partial summary judgment, pursuant to Ind. Rules of Procedure, Trial Rule 56(B), for a deficiency in the compensation she received as prison matron for Wabash County. The County argues that the trial court correctly refused to grant any judgment to Johnson.

Initially, we must point out that we may consider only Johnson's demand for partial summary judgment for the alleged deficiency in her salary for the years 1972 and 1973 because she alleged no further error in her motion to correct errors. Ind. Rules of Procedure, Trial Rule 59(G); *Adkins v. Elvard* (1973), 155 Ind.App. 672, 294 N.E.2d 160. These were the years the County, in its Answer, admitted the amount of compensation for the lowest paid deputy sheriff. We acknowledge that for most of 1972[4] and all of 1973 it was unnecessary for the prison matron to prove she performed

---

3. Since the effective date of Acts 1967, chapter 348, § 1, (IC 11–5–4–1) the County has had no power to fix a salary for the prison matron without regard to salaries paid Deputy Sheriffs and police officers. Although we do not need to decide, it would appear that both the 1955 and 1967 amendments to IC 11–5–4–1 empowered the board of county commissioners to fix the prison matron salary, subject to the county council's approval, notwithstanding contrary

law (vis: IC 17–3–71–2). However, a 1967 amendment restricted the application of this provision to counties having a population less than 20,000, and in 1972, P.L. 91, § 1, p. 536 deleted the salary provision entirely.

4. As noted earlier, the amendment to IC 11–5–4–3 deleting the language "for like work" was effective February 14, 1972.

"like work" as that of a deputy sheriff in order to receive equal pay. Thus, absent the validity of any of the issues raised by the County's various defenses and set-off, Johnson's argument has merit. However, as noted in our discussion under Issue I, there remain a number of genuine issues of material fact in controversy for those years, and, therefore, the trial court did not err in failing to grant the partial summary judgment requested by Johnson in her Motion to Correct Errors.

## III.

■ As her final allegation of error, Johnson contends the trial court erroneously denied her Motion to Strike the County's request for jury trial. The following is a chronology of the proceedings which we feel pertinent to this issue:

November 12, 1975 — Johnson files Complaint and motion for change of venue from county.

November 12, 1975 — County served. Counsel for County files appearance.

November 20, 1975 — Cause venued to Miami County, Indiana.

December 30, 1975 — Johnson files her amended Complaint with certificate of service by mail.

February 2, 1976 — County files Answer and request for jury trial.

February 9, 1976 — Johnson files motion to strike defendants' request for trial by jury.

July 14, 1976 — Hearing on Johnson's motion to strike defendants' request for trial by jury set for August 12, 1976.

August 12, 1976 — County files motion for summary judgment.

August 12, 1976 — Argument on Johnson's motion to strike defendants' request for trial by jury held and matter taken under advisement.

October 22, 1976 — Court enters Order as follows: "THE COURT having taken this matter under advisement now denies Plaintiff Motion to Strike Defendants' Request For Trial By Jury. THE COURT now finds that there is no genuine issue as to any material facts and Defendants are entitled to judgment as a matter of law.

THEREFORE, the Court grants Defendants' Motion For Summary Judgment and enters judgment for Defendants." [5]

Ind. Rules of Procedure, Trial Rule 38 provides in pertinent parts:

"(B) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by filing with the court and serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten days after the first responsive pleading to the complaint, or to a counterclaim, cross-claim or other claim if one properly is pleaded; and if no responsive pleading is filed or required, within ten days after the time such pleading otherwise would have been required. Such demand is sufficient if indorsed upon a pleading of a party filed within such time.

\*    \*    \*    \*    \*    \*

(D) Waiver. The failure of a party to appear at the trial, and the failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitute waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the other party or parties."

Johnson now asserts, as she did in her motion to strike below, that the County's answer was due within twenty days after November 12, 1975,[6] the date the complaint

---

5. The portion of this order granting summary judgment was amended on January 12, 1977 to include the trial court's reasoning.

6. Ind. Rules of Procedure, Trial Rule 6(C) provides: "A responsive pleading required under these rules, shall be served within twenty days after service of the prior pleading.  \*  \*  \*"

was filed and served on the County and on which counsel for County filed his appearance. Thus, according to Johnson, the jury request of February 2, 1976 was not filed within ten days after the answer was required and the County thereby waived its right to trial by jury. On the other hand the County contends that, since its answer was eventually filed,[7] it was entitled to file its request for jury trial within ten days thereafter, which it did.

It is our opinion that in cases like the one before us, where a response is required and not filed within the proper time and, further, no enlargement of time to respond has been granted either by permission of the trial court or by operation of a provision in our Rules [8], the Defendant's time for filing a jury request expires ten days after the date on which his answer should have been filed.[9] In this case, the County's time for filing such request terminated on December 12, 1975 or thirty days after personal service of the complaint and the appearance of County's attorney. In so construing TR 38 we are mindful of the language in Ind. Rules of Procedure, Trial Rule 1 which provides that our Rules "shall be construed to secure the just, speedy and inexpensive determination of every action". Further, "[t]he rules were not meant to confuse the diligent or to trap the unwary and, thus, they are best interpreted and applied in a straightforward manner". *In re Brown* (1979), Ind.App., 387 N.E.2d 72.

The critical language in TR 38,

"and if no responsive pleading *is filed* or required, within ten [10] days after the time such pleading otherwise would have been required". (Our emphasis)

obviously refers to causes where responsive pleadings *are required* as well as those in which they are not. If the Rule had been intended to apply only to those causes where a responsive pleading was not required the Rule would read:

"and if no responsive pleading is required, within ten [10] days after the time such pleading otherwise would have been required".

In *Clark County State Bank v. Bennett* (1975), Ind.App., 336 N.E.2d 663 the defendant filed its answer after receiving a three day notice of a default judgment under Ind. Rules of Procedure, Trial Rule 55(B) but before the default judgment was entered. This Court held that the time period in which to answer or otherwise respond to a complaint is not committed to the discretion of the defending party. Thus, the defendant's answer was delinquent and, therefore, could not have been filed without the permission of the trial court in the exercise of its discretion under the provisions of TR 6(B) which permits an act to be done after the expiration of the specified time "where the failure to act was the result of excusable neglect."

We see no reason why a defendant who is delinquent in filing his answer and jury request should be granted the privilege of reviving his right to jury trial by the subsequent filing of an untimely answer. Our conclusion is harmonious with the decision in *Buher v. Johnson* (1973), 155 Ind.App. 693, 294 N.E.2d 625, a paternity action,

---

7. The County made no request to the court for an enlargement of time in which to file its answer.

8. For example under TR 6(B) the court can extend time for answering if motion is made prior to the expiration of time for filing the pleading or after expiration of time for excusable neglect. Under TR 6(C) an extension of time is granted for filing a responsive pleading until after action is taken on a motion to dismiss filed pursuant to Ind. Rules of Procedure, Trial Rule 12(B). Of course the mailing of a pleading gives the responding party an additional three days for its response. TR 6(E).

9. The filing of a jury request by a defendant within the proper time, although an answer has

not been filed, is not a futile act. He could, thereby, preserve his right to a jury trial as provided in Ind. Rules of Procedure, Trial Rule 55(B), which reads in pertinent part: "If, in order to enable the court to enter [default] judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required." *See Kirk v. Harris* (1977), Ind.App., 364 N.E.2d 145.

where the issues were closed by operation of law and the defendant *was not required* to file an answer. The Court held that, although a responsive pleading had been filed, it was five months late and thus the right to a jury trial had been waived. The Court based its opinion on the fact that a responsive pleading was not required and the request was not filed within ten days after the time such response otherwise would have been required, stating as follows at p. 629 of 294 N.E.2d:

"Defendant-appellant urges that it is extremely important to note under Rule TR. 38(B) '. . . if no responsive pleading is filed or required . . .' a person must file a demand for jury trial within ten days after the time such pleading otherwise would have been required. He further urges that no responsive pleading was required in his case and with that we agree. However, his contention that since one was filed that Rule TR. 38(B)'s alternative requirement as to demand for jury trial applied is not correct and in our opinion under the cases hereinabove referred to the defendant-appellant had the right to file a request for jury trial but has waived his right to a jury trial by not having filed his request for such within ten [10] days after the time such pleading otherwise would have been required.

Rule TR. 38(B) limits the time within which a party may request a jury trial. It is not consistent with the spirit of this Rule to allow a defendant to wait five and one-half months, and file a useless answer, simply for the purpose of giving efficiency to an otherwise untimely motion for a jury trial. Thus, if a party wishes to file a responsive pleading in an action where such pleading is not required, he must, nevertheless, follow the guidelines set down in the Rules and file such pleading within the time it otherwise would have been required."

*See also Houchin v. Wood* (1974), 162 Ind. App. 76, 317 N.E.2d 911.

Although the court erred in failing to strike the County's jury request, we note that, on remand, the question of whether a jury is appropriate might still arise. First, the trial court may, in its discretion, utilize an advisory jury pursuant to Ind. Rules of Procedure, Trial Rule 39(B). Second, it is our opinion that the trial court has the discretion to grant a motion by the County, if one is filed, permitting a jury trial under the "excusable neglect" provisions of TR 6(B) which provide:

"(B) Enlargement. When an act is required or allowed to be done at or within a specified time by these rules, the court may at any time for cause shown

\*　　\*　　\*　　\*　　\*　　\*

(2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect; but, the court may not extend the time for taking any action for judgment on the evidence under Rule 50(A), amendment of findings and judgment under Rule 52(B), to correct errors under Rule 59(C), or to obtain relief from final judgment under Rule 60(B), except to the extent and under the provisions stated in those rules."

■ A belated jury request clearly falls within the language of this Rule. Certainly TR 38 is not among those Rules excluded from its provisions. Further, Fed.R.Civ.P. 38 and Fed.R.Civ.P. 6(b) contain substantially the same language as our TR 38 and TR 6(B). In Federal practice it is settled that a failure to make timely demand for jury trial can be excused under Fed.R.Civ.P. 6(b). Wright & Miller, *Federal Practice and Procedures, Civil* § 1166.

This cause is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

CHIPMAN, P. J., concurs.

YOUNG, J., concurs in result without opinion.