Frank PERRY, Appellant,

v.

STATE of Indiana, Appellee.

No. 3–1079A279.

Court of Appeals of Indiana, Third District.

March 27, 1980.

Rehearing Denied May 8, 1980.

Ellen S. Podgor, Nicholls & Podgor, Crown Point, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Frank Perry (Perry) was found guilty by a jury of robbery, a Class C felony. Perry was sentenced to five years imprisonment. Upon appeal, Perry raises three issues for our review:

(1) Whether the trial court erred in denying Perry's motion for a directed verdict;

(2) Whether there was sufficient evidence to support the jury's verdict; and

(3) Whether the sentence of five years imprisonment was cruel and unusual punishment.

We affirm.

## I.

### Evidence

Perry worked for the City of Gary as a truck driver. On November 2, 1978, Perry's supervisor, Larry McMillan, assigned Perry to a red pickup truck bearing license number 7814 S. At 11:20 a. m. McMillan sent Perry to the dump with a load of trash. Perry never returned to work. At about 2:00 p. m. that same day, Sandra Patton was walking down a street in Gary when a red pickup truck started following her. The driver attempted to talk to her and then got out of the truck. Patton attempted to. run away but the driver caught her, grabbed her purse, removed her wallet, and took $160.00 out of the wallet.

Patton gave Gary police officers the license number of the red pickup truck as 7814 S. The Gary police traced the truck by this license number to the City of Gary, then to Larry McMillan, and through him to Perry. At the trial, Patton identified Perry as the driver of the truck and as the man who forcefully took her money. At the end of the State's case in chief, Perry entered a motion for a directed verdict. This motion was denied. Thereafter, Perry rested his case without presenting any evidence. The jury convicted Perry of robbery, a Class C felony, and the judge sentenced Perry to five years imprisonment.

## II.

### Directed Verdict

### Sufficiency of Evidence

■ For the purposes of this determination, we will combine issues one and two. Perry's first contention is that the trial court erred in denying his motion for a directed verdict. Perry's second contention is that there was not sufficient evidence to support the jury's determination. We combine these issues in that, if there was sufficient evidence to support the verdict, then an earlier denial by the trial court of a motion for a directed verdict was proper. *Faught v. State* (1979), Ind., 390 N.E.2d 1011. Upon review of the record, we determine that there was sufficient evidence to support the jury verdict.

■ In determining the sufficiency of the evidence, a court of review does not judge the credibility of witnesses nor weigh the evidence but looks only at the evidence most favorable to the State and the reasonable inferences to be drawn from that evidence. The verdict is not disturbed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Matthew v. State* (1975), 263 Ind. 672, 337 N.E.2d 821.

■ Robbery is defined under IC 35–42–5–1 (Burns Code Ed., 1979), in pertinent part, as follows:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

"(1) by using or threatening the use of force on any person; or

"(2) by putting any person in fear; commits robbery, a Class C felony."

The facts stated above are clearly sufficient to support the jury's verdict. We will further address, however, two specific allegations raised by appellant. Perry argues that there was not sufficient evidence of the element "fear," nor of the element "knowingly or intentionally."

■ The definition of robbery, IC 35–42–5–1, *supra*, clearly separates—in the disjunctive—the element "using or threatening the use of force" from the element "putting any person in fear." Statutes clear and unambiguous need not and cannot be interpreted by this Court. *Johnson v. Wabash County* (1979), Ind.App., 391 N.E.2d 1139. Giving this statute its plain and ordinary meaning, *Johnson, id.*, robbery requires—in accomplishing the taking of another's property—the defendant to use or threaten to use force, *or* the defendant to put someone in fear, but *not* both.

Assuming *arguendo*, therefore, that there was not sufficient evidence of Perry putting someone in fear, Perry's conviction can still be upheld if there was sufficient evidence of the use, or the threat of the use, of force. Sandra Patton, the victim, testified that Perry chased her, grabbed her purse, and forcefully took her money. This evidence is sufficient to support the jury's verdict.

■ As for the second element, it has long been recognized that robbery requires both intent and knowledge. *Gregory v. State* (1973), 259 Ind. 652, 291 N.E.2d 67. Such intent may be inferred from the voluntary commission of the prohibited act and from the surrounding circumstances. *Rogers v. State* (1978), 267 Ind. 654, 373 N.E.2d 125. From the above stated facts, there was sufficient evidence for the jury to find the requisite intent of "knowingly or intentionally" taking property from another.

We therefore affirm the jury's verdict.

## III.

### Cruel and Unusual Punishment

The third issue raised by Perry is whether the sentence of five years was cruel and unusual punishment. Specifically, Perry argues that in setting sentence,

"[A]lthough criminal activity is a criteria for the court to consider, it is cruel and unusual punishment to hold within the bounds of criminal activity those occasions where a defendant is held for investigation."

Appellant's brief, page 23. We disagree.

■ The trial court considered, at the sentencing hearing, previous investigations,

criminal charges, and a pending criminal charge against Perry. Perry argues that this was error. Perry's argument is two fold misplaced.

First, Perry was convicted of robbery, a Class C felony and sentenced to five years imprisonment. Five years is the basic sentence for a Class C felony. IC 35-50-2--6 (Burns Code Ed., 1979). Even though the trial court did not consider Perry's prior criminal activity, prior "criminal activity" is an *aggravating* circumstance allowing the trial court to impose a sentence greater than the basic sentence. IC 35–50–1A–7(c) (Burns Code Ed., 1979). There could be no error since the trial court did not impose a sentence greater than the basic sentence.

■ The Rules for the Appellate Review of Sentences, Rule 2, limits this Court's scope of review as follows:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

"(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

Therefore, even if it was error for the trial court to consider these factors, we cannot say that the sentence imposed was "manifestly unreasonable." *See, McNew v. State* (1979), Ind., 391 N.E.2d 607.

■ Secondly, the prohibition under the Constitution against cruel and unusual punishment is a limitation upon the legislature and not upon the trial court's discretion when such is exercised within the limitations of a penalty imposing statute. *Inman v. State* (1979), Ind., 393 N.E.2d 767; *Gingerich v. State* (1948), 226 Ind. 678, 83 N.E.2d 47. By imposing the basic sentence prescribed by the Legislature for the crime committed, therefore, the trial court did not violate this constitutional prohibition.

We affirm the trial court.

GARRARD, P. J., and HOFFMAN, J., concur.