PIKE COUNTY, Indiana; Joseph O. Gray, Pike County Auditor; Dorothy Culbertson, Pike County Treasurer; Chester Martin, Paul Cooper, Howard Miley, Jr., Shirley Sturgeon, Richard Brewster, Bob King, Donald W. Davis, Councilmen of Pike County; Bob Bement, C.M. Brown, Dordon Hartke, County Commissioners of Pike County, Defendant-Appellants

v.

STATE of Indiana, ex rel. Berniece HARDIN, Plaintiff-Appellee.

No. 1–184A27.

Court of Appeals of Indiana,
First District.

Oct. 23, 1984.

Russell E. Mahoney, Thomas C. Gray, Petersburg, for defendants-appellants.

Roger S. Curry, Schneider, Lett, Shaney-felt & Curry, Jasper, for plaintiff-appellee.

NEAL, Presiding Judge.

### STATEMENT OF THE CASE

Pike County, Indiana (Pike County) and certain of its officers, commissioners, and councilmen appeal the trial court's order granting summary judgment as to the county's duty to pay its prison matron, Berniece Hardin, back pay from 1975 to 1982.

We affirm.

### STATEMENT OF THE FACTS

From 1975 through 1982, Alvin Hardin was the Sheriff of Pike County, and in conformity with existing state statutes, he appointed his wife, Berniece, as prison matron for the same time period. Berniece's salary was appropriated by the Board of County Commissioners and approved by the County Council.

During Berniece's tenure, she performed the duties required of a prison matron, which included but were not limited to receiving, taking charge of, searching, and caring for female prisoners and children under the age of 14 arrested and detained in Pike County. Berniece further per-

formed, when requested, the duties of deputy and any other duty required for the efficient operation of the Pike County Sheriff's Department.

The Sheriff's Department employed one deputy who was hired at or about the same time as theprison matron. Both were at the same rank or grade.

IND.CODE 11–5–4–3,[1] amended February 14, 1972, states in part that "the prison matron ... shall be paid such compensation or salaries as other deputy sheriffs and police officers are paid".

Berniece brought an action for mandate in February, 1983, requesting that Pike County pay her unpaid salary due and owing from 1975 to and including 1982. The unpaid salary amount represents the difference between the deputy's salary and Berniece's salary during the eight year time period. Pike County answered the complaint, asserting five affirmative defenses; it also filed a Motion to Dismiss with supporting affidavits. Berniece opposed the Motion to Dismiss with an affidavit; then, the prison matron filed a Motion for Summary Judgment pursuant to Ind. Rules of Procedure, Trial Rule 56. One of the affidavits submitted with the motion contained a claim Berniece presented to the Pike County Auditor for wages owed on November 3, 1982. Berniece set forth the annual salaries paid to her as compared to the compensation paid to the deputy sheriff as follows:

"For pay period ending <u>1975 to and including 1982</u>:

| Year | Paid to Deputy | Paid to Matron | Deficit |
|------|------|------|------|
| 1975 | $8,591.00 | $3,993.00 | $4,598.00 |
| 1976 | 9,191.00 | 4,300.00 | 4,891.00 |
| 1977 | 9,591.00 | 4,475.00 | 5,116.00 |
| 1978 | 10,771.00 | 5,300.00 | 5,471.00 |
| 1979 | 10,771.00 | 5,300.00 | 5,471.00 |
| 1980 | 11,671.00 | 5,724.00 | 5,947.00 |
| 1981 | 12,721.00 | 6,000.00 | 6,721.00 |
| 1982 | 13,516.00 | 6,360.00 | 7,156.00 |

Difference Due:
TOTAL: $45,371.00"

Pike County responded to the summary judgment motion with an affidavit, and the trial court, after oral argument, entered summary judgment for Berniece based upon its review of the affidavits and the argument of counsel. The court awarded judgment against Pike County in the amount of $66,471.82 (principal sum plus accrued prejudgment interest) together with 12% interest from October 1, 1983 until paid.

**ISSUES**

Pike County presents the following issues for review:

I. Whether the appellee, as a former employee of Pike County, Indiana, was entitled to the remedy of a money judgment of back pay under her complaint for mandate;

II. Whether the trial court erred in granting summary judgment for Berniece;

1. Currently IND.CODE 36–8–10–5, which states in part "The prison matron and assistant matrons: (1) are members of the department; (2) have the powers and duties of members of the department; and (3) are entitled to the same salary that other members of the department of the same rank, grade or position are paid".

III. Whether the Pike County Council abused its discretion in including housing, utilities, and other benefits furnished as a part of the compensation or salaries paid to the prison matron.

*I. Mandate.*

Pike County argues that Berniece could not properly recover a money judgment for back pay on her complaint for mandate; instead, the proper course of action is a suit for breach of contract of employment.

■ IND.CODE 34–1–58–2 states that "the action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust, or station". Ordinarily, mandate will not issue to enforce a contract obligation, since legal and equitable remedies afford adequate relief. 19 I.L.E. *Mandate and Prohibition,* § 22 (1959).

Since Berniece is an employee, not an officer, Pike County asserts, then her remedy must be for damages for breach of her employment contract. *See City of Evansville v. Maddox,* (1939) 217 Ind. 39, 25 N.E.2d 321. Berniece insists, on the other hand, that she is an officer.

■ An office, as opposed to an employment, is a position for which the duties are continuing and are created by law instead of contract. *Mosby v. Board of Commissioners,* (1962) 134 Ind.App. 175, 186 N.E.2d 18. The duties include the performance of some sovereign power for the public's benefit. *Mosby, supra.* "An officer is distinguished by his power of supervision and control and by his liability to be called to account as a public offender in case of malfeasance in office". *Id.* at 180, 186 N.E.2d 18.

■ IND.CODE 11–5–4–6 states that the prison matron shall be appointed by the sheriff, and Sec. 11–5–4–2 states that upon such appointment, she shall be "a member of the sheriff's force ... and shall have all the authority now delegated to sheriffs and police officers in such counties". Further, the prison matron has all the powers and duties of a member of the sheriff's or police force. IND.CODE 11–5–4–3. Even though we of are of the opinion that the above statutory language does not raise the prison matron's status to that of an officer, we nevertheless determine that such status is immaterial to the issue of whether an action for mandate lies here.

■ There is no dispute amongst the parties that the salary of the prison matron shall be appropriated by the board of county commissioners and approved by the county council. IND.CODE 11–5–4–3 requires, as explained earlier, that "the prison matron ... *shall* be paid such compensations or salaries as other deputy sheriffs and police officers are paid". (Our emphasis). Even though the Pike County officials have the general authority to fix the prison matron's compensation or salary, they are nevertheless required by statute to fix it in an amount equal to other deputy sheriffs and police officers. Mandamus will lie where, for example, a county job or salary is set by the legislature, and the council or commissioners do not abide by the legislation. *County Council of Bartholomew County v. Department of Public Welfare,* (1980) Ind.App., 400 N.E.2d 1187.

Herein, then, lies the focus of the entire appeal: what is the meaning of "such compensation or salary" as included in IND. CODE 11–5–4–3? Do the council and commissioners, as Pike County argues, have the discretion to include housing, utilities, and other unidentified benefits as part of the prison matron's "compensation", or does the statute require, as Berniece contends, that the same amount of money be paid to the matron and the deputy sheriff?

Pike County bases its argument on *Johnson v. Wabash County,* (1979) 181 Ind.App. 281, 391 N.E.2d 1139. *Johnson's* facts are practically identical to those of the instant case. Johnson, the prison matron of Wabash County from 1967 through 1974, brought an action against the county to recover unpaid salary owed her for services rendered. Johnson claimed she was enti-

tled to be paid a salary equivalent to the salary paid to other deputy sheriffs and police officers in accordance with IND. CODE 11–5–4–3 which, prior to the aforementioned 1972 amendment, required that the prison matron be paid such compensation and salaries as other deputy sheriffs and police officers are paid *for like work. Johnson, supra,* 391 N.E.2d at 1141 (our emphasis). Johnson also sued for attorney fees and liquidated damages.

The County's answer asserted five separate defenses, including (1) Johnson's claim was barred by the applicable statute of limitations; (2) waiver; (3) laches; (4) Johnson did not perform "like work"; and (5) the prison matron position was part-time. Further, the answer asserted as a set off that Johnson lived in a dwelling provided by the county free of any rent or utility charges during the term of her employment and that this constituted additional compensation since none of the deputies or other police officers were provided with rent- and utility-free homes. *Id.* at 1142.

The County filed a motion for summary judgment together with affidavits and a memorandum; in the memorandum, it asserted that it had paid Johnson the statutory minimum salary according to the requirements of IND.CODE 17–3–71–2. *Id.* The trial court granted the county's motion for summary judgment; Johnson appealed its decision.

The Court of Appeals determined that the court's decision granting summary judgment was incorrect both in its application of the law and in its determination that no genuine issue of material fact existed. *Id.* at 1144. The court held that the trial judge erred in finding that the minimum salary requirements of IND.CODE 17–3–71–2 had any bearing on the requirements of IND.CODE 11–5–4–3:

> "... [W]e conclude the plain meaning of IND.CODE 11–5–4–3 to be that a prison matron is entitled to be paid on the same salary scale as that established locally for, and paid to, deputy sheriffs and police officers. Additionally, it must be shown that the duties performed by an employee in the capacity of prison matron prior to the 1972 amendment were "like work" compared to that of deputies and police officers at that time."

*Id.* at 1143.

Although the court made the above conclusion, it squarely stated that the question with which it was confronted in the *Johnson* case was whether IND.CODE 17–3–71–2 dictates the minimum salary to which Johnson would have been entitled had she met her burden of proof. *Id.*

As to whether there existed any genuine issues of material fact, the Court of Appeals decided that "controversy remains" on several critical issues, including whether the residence and utilities allegedly provided by the county to Johnson constituted additional compensation. *Id.* at 1144. Thus, the trial court erred in granting summary judgment. Pike County apparently seizes on this statement as a decision by the Court of Appeals that such extras are "compensation"; therefore, its council and commissioners have the discretion to pay the prison matron a lower salary than the deputy sheriffs as long as she receives the additional "compensation". We note that the appellate court merely tossed out the compensation issue as a question to be resolved by the trial court upon remand of the case. No decision as to the meaning of the phrase "compensation or salaries" in IND.CODE 11–5–4–3 was made.

■ Consequently, we hold that the State of Indiana requires a county prison matron to be paid the same amount as a county deputy although the specific amount of these two salaries is left to the discretion of the county council. Our decision is influenced by two factors: first, subsequent revisions of IND.CODE 11–5–4–3 leave no doubt that the legislature intended to clarify its determination that a matron and deputy of the same rank, grade, and position receive the same salary; and second, IND.CODE 11–5–4–3 requires that a prison matron shall have proper accommodations for herself and the prisoners under her control.

IND.CODE 11–5–4–3 was changed to IND.CODE 17–3–6.3–3, effective October 1, 1980, which read "the prison matron and assistant matrons ... (3) shall be paid the same salary as other members of the county police force with the same rank, grade, or position are paid". The current version of this section, effective October 1, 1982, states that "the prison matron and assistant matrons ... (3) are entitled to the same salary that other members of the department of the same rank, grade, or positions are paid". IND.CODE 36–8–10–5.

■ Appellant cites *Metropolitan School District of Martinsville v. Mason*, (1983) Ind.App., 451 N.E.2d 349 for the well-established statement of statutory construction that "generally a statutory amendment which changes the language of a prior statute indicates a legislative intention that the meaning of the statute has been changed, and raises a presumption that the legislature intended to change the law". *Mason, supra,* at 352. However, as appellee points out, there is an exception to the above presumption: the presumption will not apply if it appears that the amendment was made only to express the original intention of the legislature more clearly. *Indiana Alcoholic Beverage Comm'n. v. OSCO Drug, Inc.*, (1982) Ind.App., 431 N.E.2d 823.

■ We believe the latter exception is applicable to the instant case. In reviewing subsequent revisions of IND.CODE 11–5–4–3, it is apparent that the legislature intended to dispel the confusion created by the phrase "compensation or salaries" and make crystal clear its intention that prison matrons and deputies of the same rank and grade receive the same salary.

■ Further, the county is obligated to provide accommodations for the prison matron. IND.CODE 11–5–4–3. It seems unlikely that Pike County has the discretion to include housing as part of the prison matron's compensation when it is statutori-

ly required to provide adequate accommodations.[2]

■ Inasmuch as we have determined that the language of IND.CODE 11–5–4–3 requires Pike County to pay the same salary to prison matrons and deputy sheriffs while leaving the amount of the salary to the discretion of its council and commissioners, we hold that Berniece was entitled to the remedy of a money judgment for back pay under her complaint for mandate.

*II. Summary Judgment.*

Pike County argues that the trial court erred in granting the prison matron summary judgment because genuine issues of material fact existed and Berniece was not entitled to judgment as a matter of of law.

■ Under Ind.Rules of Procedure, Trial Rule 56(C), all evidentiary material, whether submitted by the movant or the nonmoving party, is to be considered when ruling on a motion for summary judgment. An adverse party may not rest upon the mere allegations in his pleadings once the movant has shown himself entitled to summary judgment. Rather, his response by affidavit or otherwise must set forth specific facts showing there is a genuine issue for trial. T.R. 56(C); *Loving v. Ponderosa Systems*, (1983) Ind.App., 444 N.E.2d 896.

■ Summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there was no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. T.R. 56(C); *Papp v. City of Hammond*, (1967) 248 Ind. 637, 230 N.E.2d 326; *Boswell v. Lyon*, (1980) Ind.App., 401 N.E.2d 735. Even if the trial judge believes the proponent of the motion will prevail at the trial, or where he believes the likelihood of recovery is improbable, summary judgment is not proper. *Barbre v. Indianapolis Water Company*, (1980) Ind. App., 400 N.E.2d 1142; *Petro v. McCul-*

---

**2.** We also observe that had the legislature had in mind the proposition that the various perks were to be in lieu of salary, as contended here, it would have said so in plain language.

*lough,* (1979) 179 Ind.App. 438, 385 N.E.2d 1195. The trial judge may not weigh the evidence in a summary judgment proceeding. Even where the facts are undisputed, to draw from conflicting inferences which would alter the outcome will make summary judgment inappropriate. *Letson v. Lowmaster,* (1976) 168 Ind.App. 159, 341 N.E.2d 785. In reviewing the propriety of a summary judgment, the facts alleged by the party opposing the motion must be taken as true. *Boswell v. Lyon,* (1980) Ind.App., 401 N.E.2d 735. If any doubt remains as to the existence of a genuine issue of material fact, such doubt must be resolved against the movant of the summary judgment. *Raymundo v. Hammond Clinic Association,* (1980) Ind.App., 405 N.E.2d 65.

 The following undisputed facts are presented in the affidavits which accompanied Berniece's motion for summary judgment: Berniece's claim for wages owed conclusively demonstrates that she was paid less than the deputy during her entire tenure as prison matron (1975–1982); Sheriff Alvin Hardin's affidavit states that Berniece performed all the duties of prison matron as required by IND.CODE 11–5–4–3; the affidavit further states that the prison matron and the deputy sheriff were hired at approximately the same time and were of the same rank and grade. Pike County's answer admits that the prison matron and the deputy were paid the disparate amounts included in Berniece's claim for wages owed; however, the county denied in general language that the payments were in violation of any statute. The evidentiary material submitted by Pike County does not address the contention that Berniece performed all the duties required by IND.CODE 11–5–4–3; Pike County's answer contains a denial that Berniece and the deputy sheriff had the same rank, grade, and position. We are reminded that T.R. 56(C) provides that when a motion for summary judgment is made and supported, the non-movant may not rest upon the mere allegations or denials of his pleadings but must come forward with sufficient evidence to controvert the moving

party's assertion that no factual issue exists. *Shideler v. Dwyer,* (1981) Ind., 417 N.E.2d 281. Inasmuch as the above facts are uncontroverted, then, we must accept them as true.

Pike County's answer asserts five affirmative defenses: estoppel, waiver, laches, accord and satisfaction, and the substitution of housing, utilities, and other various benefits for monetary compensation. Affidavits submitted with Pike County's motion to dismiss included the statement of the former county auditor and the present auditor that at no time did the plaintiff or anyone on the plaintiff's behalf (including the sheriff) request an appropriation of the Pike County Council in the amount of the claim for back wages filed by Berniece on November 3, 1982. Pike County also included copies of all budget requests and appropriations for the time period 1975–1982.

Pike County does not include in its counter-affidavits any factual statement concerning credit against salary for the furnishing of a residence and utilities to Berniece. Under T.R. 56(E) the unverified answer is insufficient to create an issue of fact. Even if in theory such a defense was available, Pike County would be required to show by affidavit or other proper evidentiary material made on personal knowledge setting forth facts as would be admissible in evidence. This would require a showing of an agreement and the value of the housing and utilities. Pike County, other than a general allegation in its answer, has made no such attempt.

Clearly the purpose of the evidentiary material presented by Pike County is to support the affirmative defenses of estoppel and laches. Our analysis of the application of these defenses to the present case is taken from *State, Crooke v. Lugar,* (1976) 171 Ind.App. 60, 354 N.E.2d 755, a case in which acting and retired police officers brought an action against the City of Indianapolis for overtime pay owed for the period of 1958–1970:

"The trial court held that Crooke was barred from recovery by the doctrine of laches and estoppel. The equitable defense of laches contains three elements: (1) inexcusable delay in asserting a right; (2) implied waiver arising from knowing acquiescence in existing conditions; and (3) circumstances causing prejudice to the adverse party. *Citizens National Bank of Grant County v. Harvey* (2d Dist.1976), [167] Ind.App. [582], 339 N.E.2d 604, 611.

The facts necessary to establish equitable estoppel were defined in *Emmco Insurance v. Pashas* (1968) 140 Ind.App. 544, 224 N.E.2d 314 as follows:

'(1) A represension or concealment of material facts; (2) The representation must have been made with knowledge of the facts; (3) The party to whom it was made must have been ignorant of the matter; (4) It must have been made with the intention that the other party should act upon it; (5) The other party must have been induced to act upon it.' 150 Ind.App. at 551, 224 N.E.2d at 318. *See, also, Sheraton Corp. of America v. Kingsford Packing Co., Inc.* (3rd Dist.1974) [162] Ind. App. [470], 319 N.E.2d 852, 856.'"

*State, Crooke, supra,* 354 N.E.2d at 765.

 The *Crooke* court determined, as we do here, that there was neither implied waiver on the part of the plaintiffs nor prejudice demonstrated by the defendant. *Id.* Further, since we have determined that Pike County is legally obligated to pay the prison matron the same salary as the deputy sheriff, estoppel cannot be applied to protect the county "whose only claim of prejudice was interference with [its] ability to commit an illegal act." *Individual Members of the Mishawaka Fire Dept. v. City of Mishawaka,* (1976) 171 Ind.App. 95, 355 N.E.2d 447, 450. The evidentiary material discloses that no genuine issue as to any material fact exists. *Kahf v. Charleston South Apartments,* (1984) Ind.App., 461 N.E.2d 723. The trial court did not err in granting Berniece's motion for summary judgment.

### III. Abuse of Discretion.

Pike County argues that it had the discretion to include housing, utilities, and other benefits furnished to the prison matron as part of her compensation and thus the trial court committed reversible error because it applied the wrong standard of review in mandating Pike County to pay a judgment for back pay. Our statutory interpretation of IND.CODE 11–5–4–3 indicates otherwise, as we determined in Issue I.

We find no error.

For the above-stated reasons, the trial court is affirmed.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.